IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. 10-181(RDB) |
| v. | * | |
| | * | |
| THOMAS ANDREWS DRAKE, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

******

## DISCOVERY UPDATE

The United States of America, appearing by and through its undersigned attorneys, respectfully submits the following discovery update to the Court. This update is meant to inform the Court of the status of discovery provided by the government to defendant Thomas A. Drake in advance of the telephone status conference scheduled for August 27, 2010.

Since the grand jury returned its indictment on April 14, 2010, the government, in the interest of early and fulsome disclosure, has provided the defense with unclassified discovery as well as the overwhelming majority of the classified discovery in this case. In addition, the government has gone beyond the requirements of Rule 16 of the Federal Rules of Criminal Procedure by providing early disclosure of all of the reports of interviews conducted in this case by both the Federal Bureau of Investigation and the National Security Agency's Office of Counter-Intelligence. The government has also already provided the agent notes of the interviews with defendant Drake.

### A. Unclassified Discovery

The unclassified Rule 16 discovery provided to the defendant falls generally into the following categories:

- <u>Statements of the Defendant</u>: the government has provided redacted copies of the defendant's FBI interviews, as well as non-disclosure agreements he signed throughout his NSA career. The interview reports provided through unclassified discovery are redacted to omit those portions which contain classified information.

- <u>Documents and Tangible Objects</u>: the government has provided phone records, search warrant materials (including photographs), search warrant results, FOIA requests, and personnel records of the defendant.

In addition, the government has provided potential <u>Jencks</u> Act materials, including redacted versions of interview reports and internal communications, as well as information that could be considered impeachment information or information otherwise material and favorable to the defense under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

### B. Classified Discovery

In conjunction with the <u>Protective Order Regarding Classified Information</u> entered by this Court on June 29, 2010, and working together with the Court Security Officer appointed by the Court for this case, the government has made every attempt possible to facilitate the disclosure of classified discovery to the defense. The classified discovery has augmented the unclassified discovery, for example by providing unredacted copies of the interview reports and

notes mention above. In addition, the classified discovery includes unredacted warrant materials, unredacted NSA materials, and emails sent to and from the defendant's NSA email address.

To help the defendant and his attorneys view and use this discovery, the government has at its own expense provided the defendant with a stand alone viewing station, consisting of a computer tower, monitor, keyboard, and mouse—all of which are located in a Secure Compartmented Information Facility (SCIF) which can house classified information. This station contains the unredacted discovery materials discussed above, including interview reports, agent notes, and warrant materials, as well as a wealth of additional classified information related to the defendant's employment at the NSA.

The government has also made available the physical items—other than computer hard drives, which are discussed below—seized from the searches conducted at the defendant's home. These items, many of which contain classified information, are stored at an off-site FBI location, and the defendant's attorneys have made arrangements to view these documents on August 31, 2010. There are also a limited number of potentially discoverable items housed at the NSA's offices, and the government will make those documents available to the defense for viewing as well.

    **C.**    <u>**Outstanding Issues**</u>

The main outstanding discovery issue concerns the review of the computer hard drives seized from the defendant's home. The government has provided the defendant with a list of each drive (or other digital media), and it offered to have an NSA employee unaffiliated with the prosecution solicit search terms from the defendant, search requested hard drives for responsive

files or data, and provide the search results to the defense. The defendant declined this procedure, however, and requested actual copies of the hard drives.

Due to the large number of hard drives recovered, the government has worked with the defense to reach a solution. The government has identified the two most relevant hard drives from the roughly fifteen seized, and it stands ready to provide copies of those hard drives, as well as a computer which can connect to the viewing station already installed in the SCIF. However, the defendant must be able to provide the forensic review software and hardware necessary to review these hard drives, and this software and hardware, because it will have processed classified information, must remain in the SCIF after the completion of this case. The government stands ready to further inform the Court regarding this issue as necessary.

Respectfully submitted,

    /s/
William M. Welch II
Senior Litigation Counsel
Criminal Division
United States Department of Justice


John P. Pearson
Trial Attorney
Public Integrity Section
United States Department of Justice

**CERTIFICATE OF SERVICE**

   I hereby certify that on August 26, 2010, I filed a copy of this motion using the Court's CM/ECF system, which will send a copy to counsel for the defendant, and I also sent a copy of this motion to counsel for the defendant by electronic mail.

               *s/ John P. Pearson*
               John P. Pearson
               Trial Attorney
               Public Integrity Section
               Criminal Division
               U.S. Department of Justice