**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. 10-181(RDB) |
| v. | * | |
| | * | |
| THOMAS ANDREWS DRAKE, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |
| ****** | | |

**SECOND STATUS REPORT**

The United States of America, appearing by and through its undersigned attorneys, respectfully submits the following discovery update to the Court.  This update is meant to inform the Court of the status of discovery in advance of the discovery status conference scheduled for September 24, 2010.

The Government believes that there will be a need to discuss any classified information at tomorrow's upcoming status conference.  However, to the extent that any party believes it necessary to refer to any particular individual or NSA program other than the defendant, then the parties should refer to the pseudonyms used in the Indictment.

Since the date of the last discovery status conference, the defendant has requested, and the Government has provided, some additional discovery.  On September 3, 2010, the Government provided the grand jury testimony of the two testifying special agents and associated grand jury exhibits.  In addition, the Government provided a Powerpoint presentation used during a reverse proffer with the defendant and his prior counsel earlier this year.  Therefore, the defendant effectively now has many, but not all, of the trial exhibits that the Government intends to introduce at trial and the prosecutive theory of the case.

In addition, counsel for defendant Drake have made several visits to review the evidence seized from the defendant's residence in November 2007. The Government understands that defense counsel have completed their review, but have reserved the right to inspect the evidence at a later time if necessary.

On August 30, 2010, and again on September 21, 2010, the Government received a request for additional discovery items and information. The Government hopes to schedule a conference call with defense counsel prior to the status conference in order to resolve some of the issues in advance, obtain further clarification regarding what exactly the defendant seeks, and to note several factual inaccuracies. For the Court's benefit, the discovery issues basically involve the following:

1. A request for the FBI 302s memorializing the interviews of four particular individuals;

2. A request for an itemized list of discovery produced to the Courthouse SCIF by the Government;

3. Clarification regarding the defendant's NSA email account;

4. Clarification regarding the defendant's NSA computer account;

5. A request for copies of the items shown to the defendant during his four interviews;

6. Clarification regarding the production of the handwritten notes belong to the defendant's prior counsel;

7. A request for the emails between the defendant and Reporter A;

8. A request for all memoranda or reports prepared by the NSA in connection with the investigation of the defendant; and,

      9.      The state of the mirror images of the defendant's hard drives from his personal computers.

Briefly, the Government believes that all of the issues are readily resolvable, subject to further clarification from the defendant in some instances.

Copies of Items 1 and 5 have been made and will be delivered to the SCIF next week. Regarding Item 2, the Government needs to know what the defendant means by an "itemized" list, but nonetheless is prepared to provide a list of some sort. The Government, however, will need access to the SCIF computer onto which the Government previously had loaded its classified discovery so that it can double check that the Government's electronic copy of the classified discovery matches the classified discovery on the SCIF computer.

Items 3 and 4 will require further clarification from the defendant. However, certainly as it relates to the defendant's emails, the defendant has a mirror image of what the Government possesses.

Item 6 will require further clarification from the defendant, and the Government is awaiting additional information from a particular NSA employee who handled this item. However, the Government believes that the defendant has a complete set of the unredacted notes of the defendant's prior counsel.

Item 7 is located on the defendant's personal computers seized pursuant to a federal search warrant in November 2007. If necessary, the Government can provide hard copies of Item 7.

Item 8 will require further clarification from the defendant.

Regarding Item 9, the Government had been waiting for defense counsel to inform the undersigned whether or not the Office of the Federal Public Defender had the funds to purchase

the software and ancillary computer equipment required to perform forensic searches on the defendant's personal computers. As set forth in our August 2010 discovery report to the Court, the Government had stated that

> [t]he government has identified the two most relevant hard drives from the roughly fifteen seized, and it stands ready to provide copies of those hard drives, as well as a computer which can connect to the viewing station already installed in the SCIF. <u>However, the defendant must be able to provide the forensic review software and hardware necessary to review these hard drives, and this software and hardware, because it will have processed classified information, must remain in the SCIF after the completion of this case</u>.

To date, the defendant has provided no such information to the undersigned, and the Government understands that the defendant's computer forensic expert has not been cleared yet. The Government hopes to obtain more information and resolve this issue through the conference call.

Dated this 23rd day of September, 2010.

Respectfully submitted,

/s/ William M. Welch II
Senior Litigation Counsel
United States Department of Justice
300 State Street
 Suite 230
Springfield, MA 01105
413-785-0111 (direct)
413-785-0394 (fax)
William.Welch3@usdoj.gov


John P. Pearson
Trial Attorney
Public Integrity Section
United States Department of Justice

                1400 New York Avenue, NW
                Suite 12100
                Washington, DC  20005
                202-307-2281 (direct)
                202-514-3003 (fax)
                John.Pearson@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 23rd, 2010, I caused an electronic copy of the *Motion for Protective Order* to be served via ECF upon James Wyda and Deborah Boardman, counsel for defendant Drake.

                                  /s/ William M. Welch II
                                  Senior Litigation Counsel
                                  United States Department of Justice