IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| THE UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No.: RDB-10-0181 |
| THOMAS ANDREWS DRAKE | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION FOR ORDER AUTHORIZING DEFENSE EXPERTS'
ACCESS TO CLASSIFIED INFORMATION**

The Defendant, Thomas Andrews Drake, through undersigned counsel, respectfully moves for an Order of this Court granting two defense experts access to classified information and authorizing the Court Security Officer, Christine Gunning, to conduct a background investigation into them for the purpose of obtaining their security clearances. This request is made pursuant to the June 28, 2010 Protective Order Regarding Classified Information ("Protective Order"), which requires the defense to obtain approval from the Court for defense experts to have access to classified information. See Protective Order Regarding Classified Information [Docket No. 18] at ¶¶ 7, 12. The experts specialize in forensic computer analysis, and their assistance is necessary to the defense's investigation and trial preparation. For the reasons stated below, the Defendant respectfully requests an entry of the attached Order approving the experts' access to classified information and authorizing the Court Security Officer to conduct an investigation to obtain their security clearances. [1]

---

[1] Counsel already has provided the names of the experts to Ms. Gunning. She advised counsel that before she may initiate a background investigation, she must have an Order from the Court approving their access to classified information and authorizing her to conduct the investigation.

I.     Background

    A.     **Allegations and Procedural History**

The Defendant, Thomas Drake, has been charged in a ten-count indictment with five counts of willful retention of national defense information in violation of 18 U.S.C. § 793(e); one count of obstruction of justices in violation of 18 U.S.C. § 1519; and four counts of making false statements in violation of 18 U.S.C. § 1001(a).  The allegations relate to Mr. Drake's former employment with the National Security Agency ("NSA"), a United States government intelligence agency responsible primarily for providing signals intelligence to United States policymakers.  From 2001 until 2008, Mr. Drake was a senior executive at NSA.  He was hired as the Chief of the Change Leadership and Communications Office in the NSA's Signals Intelligence Directorate.  He worked in that position for approximately one year.  For the remainder of his tenure with NSA, he worked as a Technical Leader for Software Engineering.  In that position, his duties and responsibilities focused on process improvement and improving efficiency within NSA.

On November 28, 2007, the Federal Bureau of Investigation executed a search and seizure warrant at Mr. Drake's home and office.  The FBI seized thousands of pages of documents and numerous personal computers and electronic storage devices.  Among the materials seized were five allegedly classified documents: three were found in hard copy and two were found on Mr. Drake's personal computers.  These five documents form the basis of the five counts of willful retention of national defense information.

The indictment against Mr. Drake was filed publicly on April 14, 2010.  He entered a plea of not guilty on April 23, 2010.  Trial is scheduled for March 21, 2011.

### B. Discovery

The government has produced classified and unclassified discovery over the past several months, including as recently as last week, and the defense anticipates additional discovery will be produced. Some of the classified discovery has been made available, in hard copy and electronically, in the Sensitive Compartmented Information Facility (SCIF) located in the Courthouse. Other classified discovery, including the thousands of pages of documents the FBI seized from Mr. Drake's home and office, was made available to the defense at the FBI office in Calverton. The defense has not yet been able to review the computer hard drives that were seized from Mr. Drake's home. These are the hard drives that contain allegedly classified information at issue in the indictment. The government will be creating images of these hard drives this month, which the defense will be able to review on a computer in the Courthouse SCIF.

### C. The Protective Order

The Protective Order entered in this case imposes strict rules regarding the review, handling, filing, and disclosure of "classified information," a term defined in the Order. For example, classified information may be reviewed and discussed only in a SCIF. See Protective Order, ¶ 14. That rule applies to the vast majority of the discovery in this case – and certainly the most relevant discovery.

Another rule imposed by the Protective Order limits the individuals who may have access to the classified information. For the defense team, only Mr. Drake's attorneys, Jim Wyda and Deborah Boardman, and his investigator, William Kanwisher, are currently permitted access to the classified information. No one else, including potential defense experts, may have access to the classified information unless the Court expressly permits their access and they are granted a

security clearance by the Department of Justice.  Specifically, the Protective Order states:  "Any additional persons whose assistance the defense reasonably requires may only have access to the classified information in this case after first obtaining from the Court, with prior notice to the government, an approval for access to classified information at the level required for such access on a need -to-know basis, and after satisfying the other requirements described in this Order for access to classified information."  Protective Order, ¶ 7.

## II.     The Necessity of Defense Experts' Access to Classified Information

The assistance of computer experts is critical to the defense's investigation and trial preparation.  Two central pieces of the government's evidence are documents found on Mr. Drake's personal computers.  These documents, it is alleged, contain classified information that Mr. Drake was unauthorized to retain at home, and they form the basis of two willful retention counts.  The defense must be able to analyze and evaluate this evidence, and any analysis and evaluation cannot be conducted without the assistance of computer experts.  In addition, the government has produced a substantial amount of electronic and paper discovery that also must be analyzed by computer experts.  Without the experts' assistance, the defendant cannot adequately prepare for trial or defend this case.

## III.    Conclusion

For all the foregoing reasons, the Defendant respectfully requests that the Court grant the two defense experts access to classified information and authorize the Court Security Officer, Ms. Christine Gunning, to conduct a background investigation into them for the purpose of obtaining their security clearances.

Respectfully submitted,

/S/

_____
JAMES WYDA, #025298
Federal Public Defender
DEBORAH L. BOARDMAN, #28655
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street
Suite 1100, 9th Floor
Baltimore, Maryland 21201
Phone: 410-962-3962
Fax: 410-962-0872
Email: jim_wyda@fd.org
          deborah_boardman@fd.org