IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Case No.  10 CR 00181 RDB |
| | * | |
| **THOMAS ANDREWS DRAKE,** | * | |
| | * | |
| **Defendant.** | * | |
| | ****** | |

**UNITED STATES' MOTION TO AMEND ITS REQUEST FOR AN ORDER
TO DISCLOSE THE NAMES OF THE TWO PROPOSED DEFENSE EXPERTS**

The United States of America respectfully moves this Court to amend its previously filed *Motion for an Order Requiring the Disclosure of the Names of the Two Proposed Defense Experts So That the United States Can Perform Its "Need to Know" Assessment.* (Dkt. 25). Consistent with its representation to the Court that the United States would re-assess its position, and in order to narrow any disputed issues and adhere to the proposed trial date of March 21, 2011, the United States withdraws its objection to not knowing the identity of the two proposed computer forensic experts prior to the "need to know" assessment.[1] Therefore, assuming *arguendo* that the two proposed computer forensic experts qualify for the appropriate security clearances, the United States does not contest that those two experts, as proffered by counsel for defendant Drake, have a "need to know" the information appearing on the defendant's personal

---

[1] As the Court noted, the "need to know" assessment is on a witness-by-witness basis. Accordingly, the United States reserves the right to argue that the United States has a role in the initial "need to know" assessment in order to ensure that access is granted to the appropriate individuals, and cannot perform its obligations without knowing the identity of those individuals.

1

computers.[2]

However, the United States maintains its objection to the defense's position that the United States should not receive each signed Memorandum of Understanding (hereinafter "MOU") of the two proposed defense experts as a condition precedent to access. Paragraph 18 of the Protective Order states that

> any other individuals who will be provided access to classified information, shall execute the Memorandum of Understanding described in paragraph 12 of this Order, and counsel for the defendant shall file executed originals of such signed documents with the Court and the Court Security Officer, and *serve an executed original upon the United States.* The *execution and filing of the Memorandum of Understanding is a condition precedent* for the defendant, counsel for the defendant, or any other person assisting the defense, to have access to classified information.

The Protective Order entered by this Court clearly requires that the United States receive the MOUs. By its plain terms, Paragraph 18 distinguishes between delivery of an executed MOU to the Court Security Officer **and** the United States. Therefore, it cannot be said that service upon the Court Security Officer somehow satisfies the defendant's obligation to serve an executed MOU upon the United States.

The Court previously informed the parties that they should be prepared to brief the issue of Paragraph 18. Therefore, this amended motion should not alter the present briefing schedule. If the defendant persists in his position that the United States should not receive executed MOUs as a condition precedent to access, then any delay in the proposed defense experts' ability to access and review the classified discovery in the SCIF is entirely of their own making.

---

[2]Indeed, in its motion, the United States had noted that it was " quite plausible that the United States will not have any objection to the proposed defense experts' access to the classified information." *See* Dkt. 25, p. 2 n.1

Respectfully submitted this __28th__ day of October, 2010.

    For the United States:

    /s/ William M. Welch II
    Senior Litigation Counsel
    United States Department of Justice
    300 State Street, Suite 230
    Springfield, MA 01105
    413-785-0111 (direct)
    William.Welch3@usdoj.gov

    John P. Pearson
    Trial Attorney, Public Integrity Section
    United States Department of Justice
    1400 New York Avenue, NW, Suite 12100
    Washington, DC  20005
    202-307-2281 (direct)
    John.Pearson@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that I have caused an electronic copy of the foregoing motion to be served via ECF upon James Wyda and Deborah Boardman, counsel for defendant Drake.

      /s/ William M. Welch II
      Senior Litigation Counsel
      United States Department of Justice