**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | *   CRIMINAL NO. 10 CR 00181-RDB |
| v. | * |
| | * |
| THOMAS ANDREWS DRAKE, | * |
| | * |
| Defendant. | * |
| | * |
| | * |
| | ****** |

**THIRD STATUS REPORT**

The United States of America, appearing by and through its undersigned attorneys, respectfully submits the following discovery update to the Court. This update is meant to inform the Court of the status of discovery in advance of the discovery status conference scheduled for October 29, 2010 at 3:00 p.m.

The Government does not believe that there will be a need to discuss any classified information at tomorrow's upcoming status conference. However, to the extent that any party believes it necessary to refer to any NSA program or any particular individual whose name may still be classified, then the parties should refer to the pseudonyms used in the Indictment or some other appropriate pseudonym.

Since the scheduled date of the last discovery status conference, the Government responded to all of the defendant's discovery requests or questions previously identified as Items 1 through 9 in the Government's *Second Status Report*. The Government either provided the requested discovery or clarified a discovery question or issue that had been raised by the defendant. For example, the Government provided copies of the requested FBI 302s, *see* Items

1, 2, 5 and 7, or answered outstanding discovery questions or issues raised by the defendant. *see* Items 3, 4, 6, 8 and 9.

In addition, the defendant acquired the necessary computer hardware and software that had been a precondition for moving a viewing station loaded with two of the defendant's personal computer hard drives into the SCIF. These hard drives had been seized pursuant to a search warrant executed at the defendant's residence on November 28, 2007. The parties accomplished this task on October 15, 2010.[1] The viewing station with the defendant's computer hard drives was installed and has been ready for use since October 15, 2010.

Finally, on October 7, 2010, the defense viewed the defendant's security file at NSA. The Government also made available for inspection a particular Inspector General's report, which had been first referenced in a discovery letter sent to the defendant on May 3, 2010. Lastly, the Government made available for inspection hard copies of emails and other items seized during the search of Diane Roark's residence.

To date, the Government has not received any reciprocal discovery.

Dated this 28th day of October, 2010.

---

[1] As the Court may recall, on July 6, 2010, the Government had offered the defendant the ability "to access and view [his] hard drives and other electronic storage items using search terms provided by [the defense] to an independent NSA computer examiner," who would have had no association with the investigation and would have been walled off from direct or indirect contact with the prosecution team. Those search terms would have been run on a server onto which the hard drives had been loaded at NSA  Instead, the defense opted to have the hard drives loaded onto a viewing station that they could access within the SCIF, but needed to secure the necessary computer hardware and software before that could be done.

        Respectfully submitted,

        /s/ William M. Welch II
        Senior Litigation Counsel
        United States Department of Justice
        300 State Street
         Suite 230
        Springfield, MA 01105
        413-785-0111 (direct)
        413-785-0394 (fax)
        William.Welch3@usdoj.gov

        John P. Pearson
        Trial Attorney
        Public Integrity Section
        United States Department of Justice
        1400 New York Avenue, NW
        Suite 12100
        Washington, DC  20005
        202-307-2281 (direct)
        202-514-3003 (fax)
        John.Pearson@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 28th, 2010, I caused an electronic copy of the *Third Status Report* to be served via ECF upon James Wyda and Deborah Boardman, counsel for defendant Drake.

      /s/ William M. Welch II
      Senior Litigation Counsel
      United States Department of Justice