# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * CRIMINAL NO. 10 CR 00181-RDB |
| v. | * |
| | * |
| THOMAS ANDREWS DRAKE, | * |
| | * |
| Defendant. | * |
| | * |
| | * |
| | ****** |

## FIFTH STATUS REPORT

The United States of America, appearing by and through its undersigned attorneys, respectfully submits the following discovery update to the Court. This update is meant to inform the Court of the status of discovery in advance of the discovery status conference scheduled for December 20, 2010 at 3:30 p.m.

The Government does not believe that there will be a need to discuss any classified information at tomorrow's upcoming status conference. However, to the extent that any party believes it necessary to refer to any NSA program or any particular individual whose name may still be classified, then the parties should refer to the pseudonyms used in the Indictment or some other appropriate pseudonym.

Since the date of the last discovery status conference, the defendant needed additional memory installed on the viewing station in order to review the defendant's personal computer hard drives. These hard drives, which had been seized pursuant to a search warrant executed at the defendant's residence on November 28, 2007, had been loaded onto the viewing station and placed into the defense's SCIF. The Government increased the memory on November 28, 2010.

As far as the Government understands, the increase in memory resolved the technical issue, and the defense has been able to view the defendant's personal computer hard drives.

On December 6, 2010, the Government received a discovery letter. The letter requested the following discovery:

1. **DOG IG Report**

On December 6, 2010, the defense requested a copy of the unclassified, redacted DOD IG report[1] and the unredacted, classified DOD IG report. On December 14, 2010, the Government produced a copy of the redacted, unclassified DOD IG report via email. On December 15, 2010, the Government provided the Court Security Officer with a copy of the classified DOD IG report for placement into the defense SCIF.

2. **Telephone Records**

On December 6, 2010, the defense requested a copy of telephone records and other items found at bate stamp numbers US 573-633. These documents originally had been produced on June 3, 2010, and a check of the Government's back up discovery confirmed that production. Nonetheless, on December 6, 2010, the Government re-produced another set of those documents.

3. **OCA Binder**

On December 6, 2010, the defense requested a copy of a binder of documents

---

[1]On November 28, 2010, the Government represented to the Court in its Fourth Status Report that a copy of this report had been produced to the defense. The Government believed that this report had been included in FOIA documents provided to the defense. In fact, the report had not been included because the version possessed by NSA was not the final version approved for release by DOD. Upon learning of this mistake, the Government contacted DOD and secured DOD's permission to produce the redacted, unclassified DOD IG. The Government apologizes for the confusion.

reviewed by NSA's Official Classification Authority (hereinafter "OCA").  On December 15, 2010, the Government produced a copy of the OCA binder to the Court Security Officer for placement into the defense SCIF.

    4.    **Defendant's Hard Drives**

On December 6, 2010, the defense requested "two computer systems each with `recommended' or 'ideal' specifications in the attached FTK Systems Specification Guide" and "two computer monitors, either 22" or 24" for their computer experts.  Since December 6, 2010, the Government has tried to facilitate or resolve this request by either having the parties' technical representatives talk directly or obtain more information from the defense so that the Government can better understand what the true needs of the two computer experts are.  For example, the Government does not understand the need for 22" or 24" computer monitors to perform a forensic analysis or two "computer systems," a phrase which itself is unclear.  Despite letters on December 7, 8 and 17, 2010, and emails sent on December 13th and December 14th to facilitate this discovery request, the defense has either not responded or not provided any additional information about this request.

    5.    **Rule 16 Requests**

On December 6, 2010, the defense made the following additional requests for documents:

        a.    NSA policies or manuals regarding the return of inadvertently removed classified materials;

        b.    NSA policies or manuals regarding classification of content on NSAnet;

  c.  The number of NSA employees or contractors who NSA knows inadvertently removed classified materials from NSA since 2001, including, but not limited to, the employee or contractor's title; the date of the infraction; the nature of the infraction; and how NSA responded to the misconduct, including any disciplinary action imposed; and

  d.  Documents or records reflecting NSAnet postings of internal NSA meetings or summaries of meetings or presentations relating to Classified Program No. 1 in 2006.

On December 8, 2010 and December 17, 2010, we requested that if the defense had specific documents in mind for Items a., b., and d., then the defense should provide the Government with that information in order to expedite a response to their requests. To date, the Government has not received a response.

On December 8, 2010 and December 17, 2010, the Government asked the defense to provide a basis for their belief that the information requested in Item c. was discoverable. To date, no response has been received. The Government made this request because NSA employs thousands of individuals and contractors, and the enormity of the scope of this discovery request is impressive to say the least.

In addition, if the request is in the nature of a selective prosecution discovery request, then the defendant has not even attempted to make the requisite showing that would entitle him to any discovery. *United States v. Lighty*, 616 F.3d 321, 369-70 (4th Cir. 2010)(holding that "to obtain discovery on a selective-prosecution claim, a defendant must make 'a credible showing of different treatment of similarly situated persons,' and that "showing `should itself be a significant barrier to the litigation of insubstantial claims.'")(quoting *Armstrong v. United States*, 517 U.S. 456, 464 (1996)).

To date, the Government has not received any reciprocal discovery.

Dated this 19th day of December, 2010.

        Respectfully submitted,

        /s/ William M. Welch II
        Senior Litigation Counsel
        United States Department of Justice
        300 State Street
        Suite 230
        Springfield, MA 01105
        413-785-0111 (direct)
        413-785-0394 (fax)
        William.Welch3@usdoj.gov

        John P. Pearson
        Trial Attorney
        Public Integrity Section
        United States Department of Justice
        1400 New York Avenue, NW
        Suite 12100
        Washington, DC 20005
        202-307-2281 (direct)
        202-514-3003 (fax)
        John.Pearson@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on December 19th, 2010, I caused an electronic copy of the *Fifth Status Report* to be served via ECF upon James Wyda and Deborah Boardman, counsel for defendant Drake.

      /s/ William M. Welch II
      Senior Litigation Counsel
      United States Department of Justice