# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# DISTRICT OF MARYLAND

NORTHERN DIVISION
TOWER II, 9th FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND  21201-2705
TEL:  (410) 962-3962
FAX:  (410) 962-0872

JAMES WYDA
FEDERAL PUBLIC DEFENDER

DEBORAH L. BOARDMAN
ASSISTANT FEDERAL PUBLIC DEFENDER

February 12, 2011

**VIA ECF**

Honorable Richard D. Bennett
United States District Court
for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

> Re:    *United States v. Thomas Drake*
>          Crim. No. RDB-10-0181

Dear Judge Bennett:

I am writing to provide the Court with an update on the status of discovery, to request a two-week extension in the February 25 deadline for serving expert disclosures and filing our notice of intent to disclose classified information under Section 5 of the Classified Information Procedures Act (CIPA), and to request formal discovery on a discrete matter described below.

Status of Discovery

Since the last telephonic status conference with the Court on December 21, 2010, the parties have been working together diligently on discovery-related matters.  Through regular correspondence, phone calls, and in-person meetings, we have made considerable progress.  For its part, the government has responded to our requests relatively promptly.  However, even the simple task of responding to a letter in this case takes longer than usual since the case involves classified information and counsel for the government typically must consult the National Security Agency before responding.  In a similar vein, receiving classified discovery from the government takes longer than in the typical case because the discovery cannot simply be e-mailed or sent by regular mail.  It must be transported from the FBI or NSA by the Court Security Officer.  This cumbersome process necessarily has resulted in a slower than usual discovery process, over which the parties have little control.

Notwithstanding our progress, there are two outstanding discovery issues that we need to bring to the Court's attention.  The first involves a pending request to the government for documents relating to an investigation at NSA that was conducted by the Department of Defense

The Honorable Richard D. Bennett
*United States v. Thomas Drake*, RDB-10-0181
February 12, 2011
Page 2

Office of Inspector General (DOD IG).  The DOD IG investigation is directly relevant to this case.  When Mr. Drake was an NSA employee, he assisted in the DOD IG investigation, and some of the allegedly classified documents found in his home relate to the investigation.  We have asked the government to produce certain documents concerning the DOD IG investigation.  We are waiting for a response.  We hope to resolve this matter without Court intervention, but at this point, we do not know whether that will be possible.  We will keep the Court updated as the situation develops.

The second discovery issue concerns expert witnesses.  Our consulting expert on classification has been to the SCIF twice thus far to review the evidence.  At the time of his first review, the government had not yet produced the classification guides on which the government's classification expert relied in rendering her opinion.  Without the guides, our expert was unable even to begin forming an opinion.  By the time he was able to conduct a second review, the government had produced the classification guides, but two of them were inadvertently omitted from the production.  We expect to receive the missing guides soon.  Our other consulting expert, a forensic computer expert, has not yet even accessed the classified discovery.  We learned this week that his background investigation was finally completed.  We expect he will review and analyze the evidence in the coming weeks, but as the Court can imagine, he has other clients and matters he is juggling, and we are somewhat at the mercy of his schedule.

In light of the current state of discovery, we will not be able to serve our expert disclosures or file our Section 5 CIPA notice by February 25, the current deadline for those items.  Without knowing what our experts may testify about, we cannot make an informed assessment of the classified evidence that we believe must be disclosed to ensure a fair trial for Mr. Drake.  The government had years to analyze the evidence against Mr. Drake and a number of classification experts at its disposal for assistance and consultation.  By contrast, the defense did not receive the government's expert disclosure until November 29, 2010, seven months after the indictment was filed.  Our consulting expert has reviewed the government's evidence only twice, and each time it was with an incomplete set of documents.  Whether the government has properly classified the documents found in Mr. Drake's home is one of the key issues in this case.  It is impossible to proffer a defense theory, which is essential to the CIPA process, without first knowing the answer to that fundamental question.  For these reasons, we respectfully request a two-week extension in the expert disclosure and CIPA notice deadline to March 11.  If our request is granted, we do not believe the extension will affect the April 25 trial date.  This request also will not affect the February 25 deadline for filing motions, with which we intend to comply.  We have informed counsel for the government about our need for an extension, and they have not indicated opposition to our request.

<u>NSA Phone Calls to Mr. Drake</u>

In addition to these discovery issues, we also need to bring to the Court's attention a situation involving an apparent attempt by someone at NSA to have unauthorized contact with

The Honorable Richard D. Bennett
*United States v. Thomas Drake*, RDB-10-0181
February 12, 2011
Page 3


Mr. Drake.  On December 15, 2010, Mr. Drake received two phone calls on his cell phone from two different NSA telephone numbers.  As his counsel, we were disturbed to learn that someone from NSA was attempting to contact our client.

On December 23, 2010, Mr. Wyda and I met with Mr. Welch to discuss discovery matters, and we brought the NSA phone calls to his attention during the meeting.  He advised us that he knew nothing about the phone calls and that he would look into the matter.  During the month of January, we were told that NSA was investigating the source of, and the reason for, the calls.  In a February 4 letter, counsel for the government informed us that the two telephone numbers were assigned to an unidentified NSA affiliate in Columbia, Maryland, which the government says has no role or involvement in the investigation or prosecution of this case.  The government further informed us that one of the numbers was traced to the desk of a former employee of the NSA affiliate, who was working there on December 15 but whose last day of work was January 6, 2011.  According to the government, the former employee told several individuals that he was testifying against the NSA in an upcoming case.  It is unclear whether he was referring to Mr. Drake's case.  We have not had any contact with potential witnesses who match this individual's description, and the government has informed us that no member of the prosecution team gave the employee Mr. Drake's cell phone number.  We have asked for the individual's name, but the government has refused to disclose it.  As for the second telephone number, the government has not been able to determine to whom it was assigned at the NSA affiliate due to an apparent telephone wiring problem.

We continue to be disturbed that someone at NSA attempted to have unauthorized contact with Mr. Drake, a represented party in a pending criminal matter in which NSA is an adverse party.  We accept the government's representation about its attempts to determine who made the calls and why, but we are not satisfied with its response.  In the absence of any further explanation or documentation about the investigation into the phone calls, we hereby ask the Court to order the government to produce all documents relating to the government's investigation into the unauthorized calls, including reports, e-mails, and other correspondence, and to produce the name of the former employee whom the government believes made one of the calls.  By making this request, we are not suggesting that government counsel had anything to do with the phone calls, but we cannot simply accept the proffered explanation.  Too many unanswered questions remain.

The Honorable Richard D. Bennett
*United States v. Thomas Drake*, RDB-10-0181
February 12, 2011
Page 4


      If the Court would like to hold a conference call to discuss these or other issues, we are available at your convenience.  Thank you for your consideration.

                    Very truly yours,


                    /s/


                    Deborah L. Boardman
                    Assistant Federal Public Defender



cc:    William Welch, Esq.
       John Pearson, Esq.