**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **Criminal No. 10 CR 00181 RDB** |
| | * | |
| **THOMAS ANDREWS DRAKE,** | * | |
| | * | |
| Defendant. | * | |

**\*\*\*\*\*\***

**GOVERNMENT'S MOTION IN LIMINE TO BAR**
**REFERENCE TO AND ADMISSION OF PUBLISHED NEWSPAPER ARTICLES**

The United States of America, by and through William M. Welch II, Senior Litigation

Counsel, and John P. Pearson, Trial Attorney, Public Integrity Section, Criminal Division, United

States Department of Justice, respectfully moves this Court for an order barring any reference to

or admission of certain newspaper articles about NSA published by Reporter A.

This is an illegal documents retention case.  Disclosure of classified information is not an

essential element of the charged offenses.  Therefore, the content of certain newspaper articles

published by Reporter A are not relevant because they neither prove nor disprove any essential

element of the charged offenses.  Finally, the content of the published newspaper articles contain

multiple levels of hearsay from multiple sources, and are inadmissible under the Rules of

Evidence.

I.      **The Content Of The Published Newspaper Articles Is Irrelevant Because Disclosure**
        **Is Not An Essential Element OF the Charged Crimes.**

Title 18, United States Code, Section 793(e) provides in pertinent part that:

> (e)  Whoever having unauthorized possession of, access to, or control over any
> document . . . *willfully retains the same and fails to deliver it to an officer or*
> *employee entitled to receive it . . ..*"  (emphasis added)

shall be guilty of an offense against the United States.

By its clear statutory terms, the elements of a substantive violation of Section 793(e) are as follows:

1.  the defendant had possession or control over documents relating to the national defense of the United States;

2.  the defendant's possession of the same documents was unauthorized; and,

3.  the defendant willfully retained the same documents and failed to deliver the documents to an officer and employee of the United States entitled to receive them.

*See also United States v. Ford*, Criminal No. 05-0235-PJM.

The content of Reporter A's published newspaper articles are not relevant to the charged crimes because disclosure is not an essential element. The content of the published articles reflected what Reporter A, and presumably Reporter A's editors, deemed appropriate for publication. And that content is nothing more than a distillation of multiple pieces and sources of information gathered by Reporter A, and the subsequent decisions by Reporter A and Reporter A's editors regarding what information should remain in and what information should be edited out of the articles. Those decisions and the topics contained therein have absolutely no relevance to the proof of any of the essential elements of the charged crimes.

Moreover, the defendant's illegal retention of any classified documents for the benefit of Reporter A had to have occurred *before* the publication of the newspaper articles. Assuming *arguendo* that any portion of any classified document illegally retained by the defendant had been published in any of Reporter A's newspaper articles, Reporter A had to have received that information *before* the publication of the newspaper articles. Common sense dictates that it

2

would be impossible for the content of the published newspaper articles to be relevant to any of the charged crimes because the published newspaper articles would not have existed at the time of the commission of those crimes.

To be clear, the content of the published newspaper articles is distinct and separate from any evidence relating to the defendant's efforts to remove information from NSA for the specific purpose of giving that information to Reporter A.  That the defendant researched topics within NSA and removed documents from NSA for the specific purpose of assisting Reporter A is evidence of willfulness.  That evidence demonstrates that the defendant was removing classified documents from NSA intentionally, and not because of accident, mistake or negligence.  It is the content of the published newspaper articles that is irrelevant to the issues in this case.

**II     The Content Of The Published Newspaper Articles Is Inadmissible Because The Articles Contain Multiple Levels Of Hearsay.**

Authentication is a "condition precedent to admissibility," and "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a).  Even when a book or newspaper article has been properly authenticated, third party statements made to reporters and later published in books or newspaper articles are inadmissible hearsay absent a proper hearsay exception. *See e.g. United States v. Resnick*, 594 F.3d 562, 570 n. 4 (7th Cir.2010)(holding that book excerpts were certainly hearsay); *United States v. Baker*, 432 F.3d 1189, 1212 n.23 (11th Cir. 2007)(*Miami Herald* newspaper article regarding identity of gunmen inadmissible as double hearsay of reporter's account of what eyewitnesses stated); *Horta v. Sullivan*, 4 F.3d 2, 8 (1st Cir. 1993)(newspaper article contained double hearsay and was inadmissible).  Thus, to be admitted for their truth, statements found

within a book or newspaper or magazine article must be the admissions of a party-opponent,
adopted or authorized admissions, or some other hearsay exception.  *See e.g. Abruzzi Foods, Inc.
v. Pasta & Cheese, Inc.*, 986 F.2d 605, 606 (1st Cir. 1993)(citations omitted)(hearsay exceptions,
such as admission of party-opponent or adopted admission, required before admitting the
contents of magazine article); *Penguin Books U.S.A., Inc. v. New Christian Church of Full
Endeavor, Ltd*, 262 F.Supp.2d 251, 258-59 (S.D.N.Y 2003)(book written by co-founder of
church admissible as adopted admission of organization).

In *Larez v. City of Los Angeles*, 946 F.2d 630, 641 (9th Cir. 1991), the Ninth Circuit held
that the district court committed reversible error by admitting into evidence five statements from
Robert Gates, the former police chief for the City of Los Angeles, contained within three
newspaper articles.  The Court concluded

> that the statements were erroneously admitted hearsay, and that
> their admission was not harmless.  While defense counsel
> requested that the Larezes put the reporters on the stand, and while
> the Larezes were apparently prepared to do so, the court
> unfortunately believed such a step unnecessary. Here, it erred.

*Id*. at 642.  While recognizing that Gates' actual out-of-court statements were admissions of a
party-opponent or proof of state of mind, the court stated that their repetition in the newspapers
created a difficult problem that the district court did not address." *Id*.  The Court reasoned that

> [f]irst, the reporters' transcriptions were out-of-court statements.
> By attributing quotations to Gates, the reporters necessarily made
> the implicit statement, "Gates said this!" As the reporters'
> statements were made in newspapers, they were, *a fortiori,*
> statements made out-of-court where they were not subject to the
> rigors of cross-examination. Second, the statements -"Gates said
> this!"- were offered for the truth of the matter asserted:  that Gates
> did in fact make the quoted statement.

4

*Id*.

Even under Fed.R.Evid. 803(24), the *Larez* court found, the statements were still inadmissible because Rule 803(24) contained a "best evidence" requirement and "the newspaper quotations were not the best available evidence of what Gates said; testimony from the reporters themselves would have been better." *Id*. at 644.   Therefore, according to the Ninth Circuit, "the error was the failure to take testimony from, and particularly to allow the cross-examination of, the reporters who repeated Gates's comments." *Id*.

Assuming arguendo proper authentication of Reporter A's published newspaper articles, Reporter A's published newspaper articles are inadmissible hearsay.   The articles contain multiple levels of hearsay.   The published newspaper articles are the statements of Reporter A about the statements of others.   Moreover, the published newspaper articles contain the statements of multiple sources, none of whom are identified and all of whom individually are a distinct and separate source of hearsay.   Under the Federal Rules of Evidence, the published newspaper articles of Reporter A are hearsay and inadmissible.

## III.   <u>Conclusion</u>

Based upon the foregoing, the United States respectfully requests that the Court grants its motion and enter an order barring any reference to or admission of certain newspaper articles

about NSA published by Reporter A.

Respectfully submitted this  25th  day of February 2011.

For the United States:


/s/ William M. Welch II
Senior Litigation Counsel
United States Department of Justice
300 State Street, Suite 230
Springfield, MA 01105
413-785-0111 (direct)
William.Welch3@usdoj.gov

John P. Pearson
Trial Attorney, Public Integrity Section
United States Department of Justice
1400 New York Avenue, NW, Suite 12100
Washington, DC  20005
202-307-2281 (direct)
John.Pearson@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused an electronic copy of the foregoing motion to be served via ECF upon James Wyda and Deborah Boardman, counsel for defendant Drake.


/s/ William M. Welch II
Senior Litigation Counsel
United States Department of Justice