IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Criminal No. 10 CR 00181 RDB |
| | * | |
| **THOMAS ANDREWS DRAKE,** | * | |
| | * | |
| Defendant. | * | |
| | ****** | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S
*EX PARTE* MEMORANDUM IN SUPPORT OF DISCLOSURE
OF DEPARTMENT OF DEFENSE INSPECTOR GENERAL AUDIT DOCUMENTS**

The United States of America, by and through William M. Welch II, Senior Litigation Counsel, and John P. Pearson, Trial Attorney, Public Integrity Section, Criminal Division, United States Department of Justice, respectfully files this objection to the defendant's *Ex Parte Memorandum in Support of Disclosure of Department of Defense Inspector General Audit Documents*. Dkt. 59.  Pursuant to Local Rule 105(11), and this Court's Order of February 23, 2011, Dkt. 48, the government objects to the *ex parte* filing of this document.

On February 23, 2011, this Court held a telephone status conference on the issue of discovery of the Department of Defense Inspector General ("DOD IG") audit documents.  The Court specifically stated that it wanted both parties to brief the issue of the relevance and admissibility of the DOD IG emails and documents received from the defendant that were still in the possession of the DOD IG.  In particular, the Court had an interest in the relevancy of the content of any of those documents to the present charges, and specifically asked the parties to address that issue.  The Court set a deadline of March 4, 2011 for the defense memorandum of

1

law, and gave the government until March 11, 2001 to respond. *See Order*, Dkt. 59.

At no point did the Court endorse the notion that either party could file their briefings *ex parte*. In fact, the Court's order is clear. The purpose of the briefings was to assist the Court in applying the applicable law to the relevant facts, and presumably the Court desired the benefit of shared pleadings between both parties. Nor did the discussion during the status conference remotely suggest a reason for an *ex parte* filing by the defense. After all, defense counsel announced that their need for these documents related to a defense of mistake or negligence.

Yesterday, for the first time, the government learned that the defense's *ex parte* filing, Dkt. 59, in fact was their briefing filed pursuant to the Court's Order. Because the filing was *ex parte*, the government believed that it related to disclosure of the previously provided, classified DOD IG report to some approved third party, such as an expert. The government did not remotely think that the defendant would comply with the Court's Order via an *ex parte* pleading.

The government objects to the briefing being filed *ex parte*. There is no rational basis for it. The intent of the Court's Order was clear. Both parties should receive copies so that each party can respond and reply accordingly. There is no theory of defense or defense strategy not already known to the government. The defense announced what their theory for relevancy was on February 23, 2011 in open court. Some of the documents at issue are classified, and belong to NSA, not DOD, and presumably will require decision-making by NSA.

The government cannot respond as the Court wanted without a copy of the briefing. It is simply impossible. The government requests that the Court enter an order requiring the defendant to serve a copy of his *ex parte Memorandum* upon the government.

Respectfully submitted this  11th  day of March 2011.

                For the United States:

                /s/ William M. Welch II
                Senior Litigation Counsel
                United States Department of Justice
                300 State Street, Suite 230
                Springfield, MA 01105
                413-785-0111 (direct)
                William.Welch3@usdoj.gov

                John P. Pearson
                Trial Attorney, Public Integrity Section
                United States Department of Justice
                1400 New York Avenue, NW, Suite 12100
                Washington, DC  20005
                202-307-2281 (direct)
                John.Pearson@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that I have caused an electronic copy of the *Government's Objection to the Defendant's Ex Parte Memorandum in Support of Disclosure of Department of Defense Inspector General Audit Documents* to be served via ECF upon James Wyda and Deborah Boardman, counsel for defendant Drake.

                                          /s/ William M. Welch II
                                          Senior Litigation Counsel
                                          United States Department of Justice