IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. 1:10-cr-0181-RDB |
| THOMAS ANDREWS DRAKE | * | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE ANY EVIDENCE OR DEFENSE ATTACKING THE LEGALITY OF THE REGULATORY SCHEME RELATING TO THE DISCLOSURE OF CLASSIFIED INFORMATION**

The defendant, Thomas Drake, through his attorneys, hereby submits this response to the government's motion *in limine* requesting that the Court "bar[] the defense from introducing any evidence, presenting any defense, or making any argument relating to the legality, constitutionality or propriety of the rules and regulations governing the disclosure of classified information, including any opinion that the intelligence community 'overclassifies' information." Gov't Mot. at 1 [Docket No. 54]. The government's motion should be denied as moot, because the defense does not intend to challenge the legality, constitutionality, or propriety of the rules and regulations governing the disclosure of classified information. The defense does, however, intend to vigorously oppose the government's claim that the documents found in Mr. Drake's home are classified or contain "information relating to the national defense" under 18 U.S.C. § 793(e). To that end, the defense intends to challenge the government's expert witness on classification, and in turn, the defense will present its own expert testimony on classification of national security information.

**BACKGROUND**

Mr. Drake is charged with, among other things, five counts of willful retention of documents relating to the national defense in violation of 18 U.S.C. § 793(e). Among the

primary contested issues at trial will be whether the documents found in Mr. Drake's home are classified and whether they contain "information relating to the national defense" under the Espionage Act. As part of its case, the government intends to introduce the testimony of a classification expert, Ms. Catherine A. Murray, an Original Classification Authority and employee of the National Security Agency (NSA). According to the government's initial summary expert disclosure, Ms. Murray will testify about original classification, Executive Order 13526 and its purposes, the different levels of classification (Top Secret, Secret, and Confidential), the factors that go into a classification decision, classification markings, and the general restrictions on access to classified information. *See* Exhibit A (November 29, 2010 Expert Summary Disclosure). Ms. Murray also will testify that certain documents found in Mr. Drake's home – including the five documents referenced in Counts 1-5 of the Indictment – are classified. *See id.* According to a recently-disclosed supplement to Ms. Murray's summary expert disclosure, she also will testify that the "What a Success" document, which is the subject of Count One, was classified as "SECRET" on the date it was found in Mr. Drake's home through the date of the indictment, April 14, 2010, but it was declassified by NSA three months later, on July 30, 2010, because it no longer required the protection of classification. *See* Exhibit B (March 7, 2011 Supplement to Expert Summary Disclosure).

The defendant will serve his expert witness disclosure on March 16, 2011.

**ARGUMENT**

**I.      The Government's Motion Should Be Denied Because the Defense Does Not Intend to Introduce Evidence Attacking the Legality of the Regulatory Scheme Relating to the Disclosure of Classified Information.**

In what appears to be a pre-emptive attack on an anticipated defense argument, the

government seeks the exclusion of any evidence or argument that challenges the legality, constitutionality, or propriety of the rules and regulations governing the disclosure of classified information. The defendant does not anticipate presenting any such evidence or argument. Therefore, the government's motion *in limine* should be denied as moot.[1]

## II. The Defendant Will Introduce Expert Testimony Regarding Classification of National Security Information.

At trial, the defense will present evidence that challenges the government's expert witness testimony on classification and the allegedly classified nature of the documents found in Mr. Drake's home. The defense also will present its own expert testimony on the regulatory scheme relating to the classification of national security information. The defense's expert testimony will include, among other things, a discussion of the government's failure to establish that the documents in Mr. Drake's home are classified under the standards of the governing Executive Order or that the documents contain information "relating to the national defense." This expert testimony will both rebut the testimony of the government's classification expert and establish that Mr. Drake is not guilty.[2]

---

[1] The government asserts that the "rules of NSA are very clear: no one can bring any documents, whether marked as classified or unclassified, home unless expressly approved and cleared by the appropriate NSA officials." Gov't Mot. at 1. Although this assertion is irrelevant, the defense disputes it. For its part, the government has not produced any evidence to support this claim.

[2] The government seeks to bar evidence of an "opinion that the intelligence community 'overclassifies' information." *See* Gov't Mot. at 1. While it is not entirely clear what the government means by "overclassification," the defense does not intend to introduce such an opinion. The defense does, however, intend to introduce testimony that is directly relevant to this case and to Ms. Murray's expert testimony, which will include a discussion of the appropriate assignment of classification controls under the Executive Order and the consequences and pervasiveness of inappropriately assigning classification controls.

The relevance of expert testimony on the classification of national security information is not in dispute. In fact, testimony about the regulatory scheme governing classification of national security information and the appropriate implementation of that scheme is directly relevant to two essential elements of willful retention under 18 U.S.C. § 793(e): that the documents "relat[ed] to national defense" and that they were retained "willfully."

To prove that the documents "relat[ed] to the national defense," the government must establish (i) that the documents were "closely held," *i.e.*, that they had not been made public, *see United States v. Morison*, 844 F.2d 1057, 1071-72 (4th Cir. 1988) and (ii) that the documents contained information which, if disclosed, would be potentially damaging to the national defense. *Id.* at 1071.[3]  Courts have defined "closely held" as "a government secret[.]" *United States v.*

---

[3] To be sure, for the government to prove that documents relate to the national defense under 18 U.S.C. § 793(e), it must do more than merely show that those documents were classified. *See United States v. Rosen*, 487 F. Supp. 2d 703, 705 n.1 (E.D. Va. 2007):

> It is important to recognize that [national defense information] and classified material may not be coextensive sets. . . .  The Executive Branch, pursuant to regulations, may classify material as Confidential, Secret, or Top Secret, and may take appropriate protective measures, such as compartmentation, to help ensure that there is no unauthorized disclosure of information essential to national security. *See* Exec. Order No. 13,292, 68 Fed. Reg. 15,315 (March 25, 2003) amending Exec. Order No. 12,958, 60 Fed. Reg. 19,825 (April 17, 1995) (establishing classification regime). In contrast, [national defense information] is a statutory term that is an element of an Espionage Act violation. To qualify as [national defense information], information must be closely held by the government and potentially damaging to national security if disclosed. . . .  Thus, where, as here, the indictment alleges unauthorized receipt and disclosure [or retention] of [national defense information], the government must prove beyond a reasonable doubt that the material involved was [such information]. It is possible, therefore, that the set of classified material may not be coextensive with the set of [national defense information]. In other words, not all material the Executive Branch classifies is, *ipso facto*, [national defense information under 18 U.S.C. § 793]; the government must prove beyond a reasonable doubt that it is [national defense information]. While classified status may be probative of [whether

*Rosen*, 445 F. Supp.2d 602, 622 (E.D. Va. 2006).

To prove that Mr. Drake "willfully" retained the documents, the government must establish that he retained the documents listed in the Indictment with the *mens rea* required under the statute. That requires proof (1) that Mr. Drake knew information in the documents was closely held, and that such information, if disclosed, could potentially harm the United States, and (2) that he retained and possessed those documents with a bad purpose to disregard the law. *See Morison*, 844 F.2d at 1071.[4]

The defendant's anticipated expert testimony directly relates to those elements. Specifically, the testimony will address whether the documents relate to the national defense, whether they were closely held, whether the information contained in them, if disclosed, would be potentially damaging to national security, and whether, based on the information in the documents, Mr. Drake could have acted with the knowledge that his conduct was in violation of 18 U.S.C. § 793(e).

**III.   The Cases Cited by the Government are Inapposite Here.**

The government cites several cases in its motion *in limine*, none of which are applicable to the issues raised by the defense's proposed expert testimony. For example, in making its argument, the government relies on the Supreme Court's decision in *Dennis v. United States*, 384 U.S. 855 (1966). *See* Gov't Mot. at 2-3. There, the defendants were indicted for conspiracy to

---

information relates to the national defense under § 793], it is not conclusive.

(Citations omitted).

[4]   The defendant has extensively briefed the elements of a violation of 18 U.S.C. § 793(e) in other recent filings, and for the sake of judicial economy, he will not reiterate them here.

5

violate § 9(h) of the National Labor Relations Act. The Court found that it was no defense to that charge to argue "that the statutory scheme sought to be evaded is somehow defective." *Id*. at 866.

Similarly, in *United States v. Stewart*, 590 F.3d 93 (2nd Cir. 2009), a defense attorney was convicted of acting in support of a conspiracy to murder persons in a foreign country based in part on her violation of Bureau of Prisons administrative procedures that restricted her ability to communicate with persons outside the prison in which her client was incarcerated. As part of her defense, the attorney sought to challenge the validity of the procedures she was alleged to have violated. The court refused to allow her to do so, and the appellate court affirmed that decision, finding that the attorney's strategy of collaterally attacking the validity of the administrative procedures was impermissible. *See id*. at 111-12.

Unlike the defendants in these cases, Mr. Drake does not claim that, at trial, he can argue to the jury that he must not be convicted under 18 U.S.C. § 793(e) because either the statute or the administrative procedures he is alleged to have violated are unconstitutional, illegal, or otherwise invalid.[5] Rather, the defense seeks to admit evidence and testimony relating to the

---

[5] Other cases cited by the government, *see* Gov't Motion at 4, 6, are equally inapplicable here. *See United States v. Bryson*, 396 U.S. 64, 68-69 (1969) (defendant convicted for making false statements under 18 U.S.C. § 1001 in affidavit filed pursuant to § 9(h) of NLRA; upholding conviction as valid, because no element under § 1001 depended on constitutionality of § 9(h)); *United States v. Knox*, 396 U.S. 77, 79 (1969) ("[O]ne who furnishes false information to the Government in feigned compliance with a statutory requirement cannot defend against prosecution for his fraud by challenging the validity of the requirement itself."); *Carpenter v. United States*, 484 U.S. 19, 27-28 (1987) (finding that defendant's violation of workplace rules amounted to activity proscribed by mail fraud statute; conspiracy to trade on employer's confidential information was not outside reach of mail and wire fraud statutes "provided the other elements of the offenses are satisfied"). In this case, Mr. Drake does seek to challenge at trial the validity of either the statute or the NSA procedures he is alleged to have violated.

regulatory scheme governing classification to demonstrate that the government has failed to establish the elements of a criminal offense under § 793(e). There is no doubt that the defense may present evidence to show that the government has not proven its case beyond a reasonable doubt. Accordingly, the proposed expert testimony is relevant proof in this case.[6]

## CONCLUSION

For these reasons and any others that may develop at a hearing on this motion, the defendant, Thomas Drake, requests that this Honorable Court issue an order denying the Government's Motion in Limine to Exclude any Evidence or Defense Attacking the Legality of the Regulatory Scheme Relating to the Disclosure of Classified Information.

Respectfully submitted,

/S/

JAMES WYDA, #25298
Federal Public Defender
DEBORAH L. BOARDMAN, #28655
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street
Tower II, Ninth Floor
Baltimore, Maryland 21201
Phone: 410-962-3962
Fax: 410-962-0872
Email: Jim_Wyda@fd.org
Deborah_Boardman@fd.org

---

[6] In its motion *in limine*, the government recites the allegations in the Indictment as if they were already proven to be true. *See* Gov't Mot. at 5-6. It is of course a foundational maxim of our criminal justice system that a defendant is innocent until proven guilty. In any event, as discussed above, the defense does not challenge the legality, propriety, or constitutionality of the administrative procedures, but only that application of those procedures in this case fails to demonstrate that Thomas Drake violated 18 U.S.C. § 793(e).