IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Criminal No. 10 CR 00181 RDB |
| | * | |
| **THOMAS ANDREWS DRAKE,** | * | |
| | * | |
| Defendant. | * | |
| | ****** | |

### GOVERNMENT'S EMERGENCY MOTION FOR COURT ORDER COMPELLING SERVICE OF MOTIONS FILED *EX PARTE*

The United States of America, by and through William M. Welch II, Senior Litigation Counsel, and John P. Pearson, Trial Attorney, Public Integrity Section, Criminal Division, United States Department of Justice, respectfully files this emergency motion for a court order to compel the defendant to serve motions previously filed *ex parte*.

In another effort to thwart the government's ability to litigate evidentiary issues of importance in this matter, the defendant yet again filed another *ex parte* pleading late Friday evening. In so doing, at a minimum, the defendant has violated the spirit of the controlling Order of this Court, effectively precluded the government from filing a reply, a right granted to the government by this Court's Order, and denied this Court the benefit of a meaningful legal exchange on this and other important evidentiary issues.

On January 5, 2011, this Court ordered a "Motions Deadline" of February 25, 2011, an "Oppositions Brief Deadline" of March 11, 2011, and a "Reply Brief Deadline" of March 18, 2011. *See Order*, Dkt. 44. In compliance with that Order, the government filed its *Motion in*

1

*Limine to Preclude Evidence of Necessity, Justification, or Alleged "Whistleblowing." See* Dkt. 53. On March 11, 2011, the defendant filed its response, but did so *ex parte*. *See* Dkt. 69. Of course, this leaves the government with a reply deadline of March 18, 2011, but no response to reply to.

It is astonishing that the defendant would do this again, particularly after the government filed it objection to the defendant's first *ex parte* filing on the issue of the Department of Defense Office of Inspector General (hereinafter "DOD IG") audit documents. *See Government's Objection to Defendant's Ex Parte Memorandum in Support of Disclosure of Department of Defense Inspector General Audit Documents*, Dkt. 67.[1] Despite having received service of the government's opposition to their *ex parte* filing on the DOD IG documents issue at 6:38 p.m. on March 11, 2011, three and a half hours later the defendant ignored the government's position and filed their second *ex parte* briefing on this present evidentiary issue. *See* Dkt. 69.

Even more troubling is the fact that the defendant apparently picks and chooses what issue they intend to deny the government its right to brief thoroughly. The *only* legal briefings that the defendant has filed *ex parte* are those issues related to the DOD IG audit. Every other filing by the defendant has been done either publicly or under CIPA, both of which afford service to the government. Thus, on one of the central issues in this case, the defendant has unilaterally elected to brief the issue in secret and thwart the government's right to respond effectively.

There is absolutely no basis for *ex parte* filings. The information is not classified;

---

[1] On February 23, 2011, the Court ordered the defendant to file their briefing on this issue on March 4, 2011, the government's response on March 11, 2011, and the defendant's reply on March 16, 2011. *See Order*, Dkt. 48. The government has been unable to reply because the defendant filed their initial briefing *ex parte*.

otherwise the defendant would have filed their response pursuant to CIPA.  If the defendant's concern is revealing defense theories or strategies, that is not a basis.  There is no "defense theory" or "defense strategy" privilege.  If the defendant revealed too much in their filings, that's too bad, and it is simply the grist of pre-trial litigation.  In any event, whatever basis in that regard the defendant thinks he may have, he waived any such claim by openly announcing their need for or intentions behind introduction of the DOD IG evidence.  *See Objection*, Dkt. 67 (stating that "defense counsel announced that their need for these documents related to a defense of mistake or negligence."); *see Motion to Dismiss*, Dkt. 52-1, pg. 6 (stating that "this case is about a citizen who was deeply troubled by this government's waste of money," "the documents at issue in this case concern NSA's waste, fraud and abuse" and the defendant's "activities relating to those documents were intended to reveal the waste, fraud and abuse that cost the taxpayer's money, weakened our civil liberties, and hindered our nation's ability to identify potential threats against our security.").

At a minimum, this *ex parte* filing violates the spirit of this Court's Order entered on January 5, 2001.  This Court afforded the government the right to reply to *all* of the defendant's responses, not only those of the defendant's choosing.  The intent behind the Court's Order (as well as its Order of February 23, 2011) was clear.  Not only is the government harmed, but the Court is harmed as well.  The Court presumably entered these Orders to assist the Court in applying the applicable law to the relevant facts and to obtain the desired benefit of an exchange of legal briefings on these important issues.  And the defendant's tactics further negatively impact the schedule set by the Court for this case.

The government cannot respond as the Court wanted without a copy of the briefing.  It is

simply impossible.  It is hard to believe that the defendant can believe that fairness is so one-sided, but apparently he does.  The government requests that the Court rectify the situation and enter an order immediately requiring the defendant to serve a copy of his *Ex Parte Response*, Dkt. 69 , and *Ex Parte Memorandum*, Dkt. 59, upon the government so that the government can respond.

Respectfully submitted this   13th   day of March 2011.

For the United States:

/s/ William M. Welch II
Senior Litigation Counsel
United States Department of Justice
300 State Street, Suite 230
Springfield, MA 01105
413-785-0111 (direct)
William.Welch3@usdoj.gov

John P. Pearson
Trial Attorney, Public Integrity Section
United States Department of Justice
1400 New York Avenue, NW, Suite 12100
Washington, DC  20005
202-307-2281 (direct)
John.Pearson@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that I have caused an electronic copy of the *Government's Emergency Motion for Court Order Compelling Service of Motions Filed Ex Parte* to be served via ECF upon James Wyda and Deborah Boardman, counsel for defendant Drake.

      /s/ William M. Welch II
      Senior Litigation Counsel
      United States Department of Justice