IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE UNITED STATES OF AMERICA
\*

v.   Criminal No.: RDB-10-0181
\*

THOMAS ANDREWS DRAKE
\*

**DEFENDANT'S MEMORANDUM IN SUPPORT OF DISCLOSURE OF DEPARTMENT OF DEFENSE INSPECTOR GENERAL AUDIT DOCUMENTS**

**INTRODUCTION**

The Defendant, Thomas Drake, through his attorneys, respectfully submits this memorandum in support of his request for production of documents relating to the Department of Defense Inspector General (DOD-IG) Audit of the Thinthread and Trailblazer programs. As discussed below, the defense needs all of the documents that Mr. Drake submitted as part of the DOD-IG audit to present a defense that he did not intend to bring classified evidence into his home. [1]

The government alleges that Mr. Drake willfully brought five classified documents home from his workplace at the National Security Agency (NSA). Three of those documents relate to the DOD-IG audit. Mr. Drake had no intention of bringing them home. These documents were recovered in hard copy form, mixed in with a massive volume of unclassified documents in Mr. Drake's basement. Mr. Drake had no intention to bring them home, in violation of 18 U.S.C. § 793(e), or to harm his country. [2]

The defense must be permitted to present evidence that Mr. Drake did not intend to possess the DOD-IG related documents at home and that he therefore did not "willfully" possess them. To

---

[1] The defense previously filed this memorandum *ex parte*, under seal and pursuant to the Classified Information Procedures Act (CIPA). This memorandum was filed *ex parte* for the reasons stated in the Defendant's Response to the Government's Motion In Limine to Preclude Evidence of Necessity, Justification, or Alleged "Whistle-Blowing," at footnote 1, *see* Docket No.75, and they will not be reiterated here. This memorandum was filed pursuant to CIPA because the exhibits have been deemed classified by the government. Because the exhibits will not be attached to this filing, it is not being filed pursuant to CIPA. Counsel will identify for government counsel the exhibits to the *ex parte* filing in a separate communication.

[2] The defense is not conceding that any of the documents found in his home are classified or relate to the national defense.

do that, the defense must show the jury the full set of documents Mr. Drake gave to the DOD-IG to demonstrate that the documents found in his basement were inadvertently possessed.

## MENS REA

In determining the relevance of the DOD-IG documents, the Court should focus on the *mens rea* elements of the statutes under which Mr. Drake is charged. The first five counts allege that Mr. Drake "willfully" retained documents in violation of 18 U.S.C. § 793(e). The term "willfully" has three components. The government must prove that Mr. Drake specifically intended to violate 18 U.S.C. § 793(e), and that he acted with a bad or underhanded purpose, not by an honest mistake. *United States v. Morison*, 844 F.2d 1057, 1071 (4th Cir. 1988). Second, the government must prove that Mr. Drake knew that information contained in the documents related to the national defense, *i.e.*, that if disclosed, that information would harm national security. *United States v. Rosen*, 445 F. Supp. 2d 602, 626 (citing *Morison*). Finally, the government must prove that Mr. Drake knew that the information contained in the documents was closely held. *Id.* In addition to these instructions on "willfully," the government must prove that Mr. Drake had "reason to believe [the information in the documents] . . . could be used to the injury of the United States or to the advantage of any foreign nation." *Id*.

The defendant is also charged in Count 6 with Obstruction of Justice, 18 U.S.C. § 1519, and in Counts 7-10, with Making a False Statement, in violation of 18 U.S.C. § 1001(a). These statutes all contain specific intent elements that focus on the defendant's knowledge. For 18 U.S.C. § 1519, the government must prove that Mr. Drake specifically intended to impede a criminal investigation. *United States v. Hunt*, 526 F.3d 738 (11th Cir. 2008)**.** Section 1001 requires proof that the defendant made a statement "knowingly and willfully." The specific intent requirement of § 1001 excludes statements made by negligence, inadvertence, mistake, or carelessness. *See United States v. Robison*, 505 F.3d 1208, 1229 (11th Cir. 2007). With all of these charges, "the accused as part of his defense is entitled to wide latitude in the introduction of evidence which tends to show lack of specific intent." *United States v. Brown*, 411 F.2d 1134, 1137 (10th Cir. 1969). As discussed below, the bulk of the DOD-IG documents, both in terms of sheer volume, and in terms of their substance, go

directly to Mr. Drake's defense that he lacked the requisite intent.

## VOLUME OF DOCUMENTS

To negate evidence that Mr. Drake "willfully retained" the documents in Counts 3-5, and to show that any misstatements resulted from confusion, mistake, or faulty memory, the defense intends to present evidence of the sheer volume of documents that Mr. Drake possessed and shared with the DOD-IG. The volume of the documents will provide a contrast with the slight number of DOD-IG related documents recovered from the basement and, thus, will evidence the likelihood of negligence, inadvertence, mistake, or carelessness. *See Robison*, 505 F.3d at 1229. The defense will present evidence that the scattered documents in the basement were recovered in a sea of paper. These few pages of documents were among the thousands of pages of documents and information that Mr. Drake submitted to the DOD-IG. In order to accurately capture the great potential for mistake, Mr. Drake must present to the jury the entire universe of DOD-IG documents – documents submitted electronically and by hand – that Mr. Drake was managing during the audit.

With the full array of DOD-IG documents, the defense will be able to show that the documents found in his basement are related to the DOD-IG investigation and were gathered and retained in Mr. Drake's NSA office and mistakenly brought home.

## SUBSTANCE OF DOCUMENTS

In order to understand the random nature of the documents recovered in the basement, the jury needs to see the substance of all of the documents Mr. Drake submitted to DOD-IG. The substance of the documents identified in the Counts 3-5 of the Indictment is insignificant when compared to many of the other DOD-IG documents. These are not the most essential, the "greatest hits," of Mr. Drake's DOD-IG witness activity. The fact that these are not the most significant documents from the DOG-IG investigation will support the defense theory that they are random documents brought home by mistake.

Furthermore, the government must prove that Mr. Drake acted with knowledge that his disclosure would harm national security. *See Rosen*, 445 F. Supp. 2d at 626 (citing *Morison*). The fact that Mr. Drake did not bring home the most damaging documents rebuts that essential element

3

of the government's case. Indeed, the evidence of Mr. Drake's efforts to help – not harm – his country will negate an essential element of the government's case.

### INTERNAL EMAILS, CORRESPONDENCE AND MEMORANDA RELATED TO THE DOD-IG AUDIT

In a February 15, 2011 letter to the Court, the government reported that "most" of the DOD-IG hand-delivered documents have been destroyed, including a unspecified "notebook" of documents Mr. Drake provided DOD-IG. It appears that the destruction of these documents occurred in violation of DOD-IG records retention policy. *See* DOD-IG Records Management Program at Series 1050, p. 146. The DOD-IG audit report was issued in December 2005. Information produced in discovery indicates the government first became aware that the DOD-IG audit related to a criminal prosecution as early as October 2006 when the FBI interviewed one of the authors of the complaint that launched the DOD-IG investigation. Moreover, the NSA interviewed one of the DOD-IG investigators in August 2007 about Mr. Drake. Thus, the government was on notice as early as October 2006, and as recently as August 2007, that the DOD-IG audit was directly related to a criminal investigation, and it should have ordered retention of the DOD-IG audit documents. These documents are essential to Mr. Drake's defense and contain information tending to show his innocence. *Brady v. Maryland*, 373 U.S. 83 (1963).

The prosecution apparently has taken responsibility for the disclosure of DOD-IG information as part of its investigation. The defense was advised to contact DOD-IG personnel only through the AUSAs assigned to this case. Subsequently, defense counsel was advised by government counsel that two important witnesses in this matter – the two primary DOD-IG investigators – would not meet with the defense investigator. Many of the documents produced in discovery are emails to and from these investigators and Mr. Drake. Thus, the government's own investigation and evidence reveals the centrality of the DOD-IG investigation. The defense, as outlined above, has been severely harmed by the destruction of these documents.

Under the circumstances, the defense requests that the Court order the government to disclose any and all documents, including any and all internal email or memoranda in the possession of the

DOD-IG, or the Department of Justice, or between the Department of Justice and the DOD-IG, related to Mr. Drake's cooperation with the DOD-IG audit investigation. Only such relief will allow the defense to attempt to piece together the volume and substance of the DOD-IG documents which are essential to Mr. Drake's defense. When we receive all of these documents, only then will we be able to assess the full damage caused by the destruction of the documents.

Respectfully submitted,

/S/

_____
JAMES WYDA, #025298
Federal Public Defender
DEBORAH L. BOARDMAN, #28655
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street, Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: 410-962-3962
Fax: 410-962-0872
Email: jim_wyda@fd.org
         deborah_boardman@fd.org