IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. 10-0181-RDB |
| THOMAS ANDREWS DRAKE | * | |

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION FOR A
DECLARATION THAT SECTIONS 5 AND 6 OF THE CLASSIFIED
INFORMATION PROCEDURES ACT ARE UNCONSTITUTIONAL AS APPLIED**

The defendant, Thomas Drake, through counsel, submits this reply in support of his motion for a declaration that §§ 5 and 6 of CIPA are unconstitutional as applied [Docket No. 51]. This reply focuses on the Fifth and Sixth Amendment issues raised by the requirement that Mr. Drake give notice and explain the relevance of his own anticipated classified testimony. *See* Def.'s Mem. in Support of Mot. ("Mem.") at 4-9. The defendant's opening memorandum fully addresses the government's arguments concerning the cross-examination and due process issues. *See* United States' Response to Defendant's Motion for a Declaration that Sections 5 and 6 of CIPA are Unconstitutional as Applied ("Response") at 7-13 [Docket No. 65]; *see* Mem. at 9-19.

**ARGUMENT**

The defense demonstrated in its opening memorandum that CIPA §§ 5 and 6 violate Mr. Drake's Fifth Amendment privilege against self-incrimination under *Brooks v. Tennessee*, 406 U.S. 605 (1972), in this case in which the government has classified the vast expanse of discovery, including the essential pieces of evidence against Mr. Drake. Mem. at 5-7. The government's response – to "elect not to enforce the Section 5 notice provisions as they relate to the defendant's possible trial testimony prior to trial" and to conduct a "separate CIPA hearing . . . at some point during the trial if necessary" – will not remedy the constitutional deficiencies of §§ 5 and 6. *See* Response at 2. Any compelled preview of the defendant's testimony will

violate his Fifth and Sixth Amendment rights.  If the Court were to accept the government's offer not to enforce the Section 5 notice provisions as they relate to Mr. Drake's testimony and conduct a separate CIPA hearing during trial, the defense can foresee logistical problems.  If Mr. Drake decides to testify after hearing the government's case, the Court would have to adjourn the trial, allow the defendant time to provide Section 5 notice of his anticipated classified testimony, conduct a Section 6(a) hearing on relevance and admissibility, give the parties time to negotiate substitutions under Section 6(b), and decide any substitution disputes.  If the Court would like to proceed in that manner, the defense will not object, but it will cause delay during trial, and as discussed above, will not cure CIPA's constitutional flaws.

The government's other response to Mr. Drake's constitutional arguments – that CIPA's Section 5 notice requirement does "not compel the defendant to do anything" and that preclusion for non-compliance is "discretionary, not mandatory," (Response at 3, 6) – misses the point.  The fact that exclusion for non-compliance with the Section 5 notice is nominally discretionary, not mandatory, does not change the analysis.  The only case on which the government relies, *United States v. Hashmi*, 621 F. Supp. 2d 76, 81 (S.D.N.Y. 2008), cites no authority for its conclusory distinction between the mandatory penalty in *Brooks* and the discretionary penalty under CIPA. The absence of any such authority makes sense in light of the consequences of non-compliance with CIPA.  The CIPA §§ 5 and 6 notice and hearing provisions require Mr. Drake to make pretrial disclosures of the content of his anticipated classified testimony, under threat that the Court will preclude that testimony if he fails to do so.  Unless Mr. Drake has unequivocal certainty from the Court that it will not preclude his classified testimony if he does not disclose it in a pretrial notice, he cannot possibly risk preclusion at trial.  He, therefore, is compelled to

disclose the substance of his anticipated classified testimony before trial. That is tantamount to the "heavy burden" that *Brooks* instructed a defendant should not bear. *Brooks* makes clear that Mr. Drake cannot be penalized through the preclusion – or looming threat of preclusion – of his relevant and otherwise admissible classified testimony for standing on his Fifth Amendment rights and refusing to make the disclosures that CIPA §§ 5 and 6 purport to mandate.

The government relies on cases that analogize CIPA §§ 5 and 6 to the notice requirements set forth in Fed. R. Crim. P. 12.1, 12.2, and 12.3. *See* Response at 5. To the extent the analogy applies, it supports the defendant's position. Rules 12.1 and 12.3 – addressing, respectively, notice of alibi and notice of defense based on public authority – specifically exclude the defendant's testimony from the preclusion sanction. Fed. R. Crim. P. 12.1(d) ("This rule shall not limit the right of the defendant to testify."); *id.* 12.3(c) (same). And Rule 12.2 – addressing notice of an insanity defense or expert testimony concerning the defendant's mental condition – extends the preclusion sanction only to "the testimony of any expert witness offered by the defendant on the issue of the defendant's guilt." *Id.* 12.2(d). Unlike these rules, which are carefully crafted to protect the defendant's pretrial silence and his right to testify, CIPA § 5(b) extends the preclusion sanction to "any witness," including the defendant.

Rules 12.1, 12.2, and 12.3 reflect the fundamental premise of the Fifth Amendment privilege: that the government may not "extort[] . . . information from the accused" or "attempt to force him to disclose the contents of his own mind." *Doe v. United States*, 487 U.S. 201, 211 (1988) (quotations omitted). By excluding the defendant's own testimony from the preclusion sanction, and thus from any compulsion to disclose the substance of that testimony before it is given, Rules 12.1, 12.2, and 12.3 avoid the evils to which *Doe* refers. By contrast, CIPA §§ 5

3

and 6 do extend the preclusion sanction to the defendant's own testimony and thus do "extort[] . . . information from the accused" and "force him to disclose the contents of his own mind." Those provisions plainly violate Mr. Drake's Fifth Amendment privilege.

The two principal CIPA cases on which the government relies – *United States v. Hashmi*, 621 F. Supp. 2d 76 (S.D.N.Y. 2008), and *United States v. Ivy*, 1993 WL 316215 (E.D. Pa. Aug. 12, 1993) (unpublished) – overlook the Fifth Amendment analysis set forth above, including the key distinction between forcing the defendant to disclose the contents of his own mind, as CIPA does, and requiring him to provide information about his defense not including the contents of his own mind, as Fed. R. Crim. P. 12.1, 12.2, and 12.3 do. Moreover, *Hashmi*, *Ivy*, and a case on which those cases rely, *United States v. Poindexter*, 725 F. Supp. 13 (D.D.C. 1989), *rev'd on other grounds*, 951 F.2d 369 (D.C. Cir. 1991), did not involve a challenge to CIPA § 6, which substantially expands the defendant's obligation to disclose the content of his own anticipated classified testimony by requiring him to explain the "use, relevance, [and] admissibility" of the classified information about which he reasonably expects to testify. The additional burden that CIPA § 6 imposes cannot be overstated in a classified case such as this. The hearing that § 6 contemplates will require Mr. Drake to detail his defense and to explain how his own potential classified testimony fits into the defense case.

The government seeks to distinguish *Brooks* – which struck down a statute that precluded the defendant from testifying unless he testified as the first witness in the defense case – on the ground that Mr. Drake "need not reveal when or even whether he will testify" and that he will be allowed to testify about unclassified information if he does not comply with the Section 5 notice provision. *See* Response at 6 (citing *United States v. Lee*, 90 F. Supp. 2d 1324, 1327 (E.D. Va.

2000)). This argument misses the mark. It does not matter that Mr. Drake need not reveal when or whether he will testify. CIPA requires him to disclose the contents of his anticipated testimony, the substance of which will signal to the prosecution, well in advance of trial, what his testimony will be. That, in and of itself, is an unconstitutional infringement on his right to remain silent and his right to testify. Moreover, if Mr. Drake decides not to provide pretrial notice of classified contents of his anticipated testimony, his testimony will be restricted to unclassified information. In a case permeated with classified information, and one that will undoubtedly turn on Mr. Drake's mental state, restricting his testimony to unclassified information would thwart his ability to mount a defense.

The fundamental point is this: no provision in American law other than CIPA punishes the defendant for failing to disclose to the prosecution information that the defendant himself possesses– "the contents of his own mind." That penalty, which CIPA §§ 5 and 6 unquestionably inflict, violates Mr. Drake's Fifth Amendment privilege against self-incrimination and his right to testify in his own defense.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in his opening memorandum, Mr. Drake moves the Court for an Order declaring §§ 5 and 6 of the Classified Information Procedures Act unconstitutional as applied to this case.

Respectfully submitted,

/S/

_____
JAMES WYDA, #025298
Federal Public Defender
DEBORAH L. BOARDMAN, #28655
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street, Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: 410-962-3962
Fax: 410-962-0872
Email: jim_wyda@fd.org
       deborah_boardman@fd.org