IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. 10-0181-RDB |
| THOMAS ANDREWS DRAKE | * | |

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS
COUNT TWO OF THE INDICTMENT**

The defendant, Thomas Drake, through counsel, submits this reply in support of his motion to dismiss Count Two of the Indictment [Docket No. 50].

Mr. Drake is not challenging whether the indictment sufficiently sets forth a willful retention charge against him; the government has correctly parroted the statutory language for a § 793(e) charge in Count Two. *See* Government's Response to Defendant's Motion to Dismiss Count Two of the Indictment ("Response") at 2-4 [Docket No. 62].[1]

Mr. Drake is challenging the legal sufficiency of the government's charge that he "willfully" retained a "classified" document when the document was, and always has been, clearly marked "unclassified." The allegedly classified "Regular Meetings" document – a two-page meetings schedule marked "Unclassified//For Official Use Only" in its header and footer – was posted on the agency-wide intranet with those markings and was found on Mr. Drake's home computer with those markings. If, as the government has alleged, "markings identifying the level at which [a document] was classified," *see* Indictment ¶ 3, are supposed to put the recipient of the information on notice of the classification level, the "unclassified" markings on the "Regular Meetings" document put Mr. Drake on notice that it did not contain classified information. To be sure, the "unclassified" markings

---

[1] The government filed its response under seal and pursuant to the Classified Information Procedures Act (CIPA). The defendant has filed this reply publicly, because he does not need to discuss the information in the response deemed classified by the government.

were appropriate: The innocuous document – far from containing NSA's secrets – lists meeting times, dates, locations, and participants.[2]

In charging Mr. Drake with willful retention of a document marked "unclassified," the government is following a double standard. On the one hand, the government endorses classification markings as important indicators of a document's classification level. *See* Indictment ¶ 3. On the other hand, when those classification markings do not support its position – as in the case of the "Regular Meetings" document – the prosecution dismisses their significance and asserts that it will present other evidence that Mr. Drake knew, or should have known, that the document contained classified information. *See* Response at 8-14. For example, the government claims that it will present evidence that Mr. Drake should have submitted the "Regular Meetings" document to NSA for pre-publication review before he removed it from NSA. *Id.* at 13. That is irrelevant. Whether Mr. Drake violated an NSA administrative rule requiring pre-publication review has no bearing on his intent to violate a statute criminalizing retention of national defense information. The other evidence the government intends to introduce is similarly irrelevant to Mr. Drake's intent to violate § 793(e) by

---

[2] The government claims that it presented to the grand jury "the very same information" contained in the March 2010 memorandum, which the government first produced to the defense ten months after the Indictment was issued. *See* Response at 4-5; Mem. at 2 n.2. The defense begs to differ. The grand jury testimony, produced five months after the Indictment, includes two questions and two short answers about the posting of the "Regular Meetings" document on NSANet. In his questions before the grand jury, government counsel asked the testifying agent whether an "initial version" of the document was "done by someone other than a classification expert" and whether the document was "initially" posted online "at the unclassified level." *See* Government's Response to Motion for Bill of Particulars at 5 n.1 [Docket No. 64]. By using the phrase "initial version" and the word "initially," counsel's questions and the agent's answers suggest that there was a subsequent classified version of the document posted on NSANet, which was not the case. In any event, the contents of the two lines of grand jury testimony are significantly different from the contents of the memorandum that documented the testifying agent's interview of NSA employees with firsthand knowledge of the unclassified document. The contents of the memorandum should have been produced earlier.

bringing home an unclassified meetings schedule.[3]  Given the nature of the document and its unclassified designation, the government cannot establish, as a matter of law, that Mr. Drake "willfully" retained information "relating to the national defense."  Count Two, therefore, should be dismissed.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in his opening memorandum, Mr. Drake moves the Court for an Order dismissing Count Two.

Respectfully submitted,

/S/

_____
JAMES WYDA, #025298
Federal Public Defender
DEBORAH L. BOARDMAN, #28655
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street, Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: 410-962-3962
Fax: 410-962-0872
Email: jim_wyda@fd.org
        deborah_boardman@fd.org

---

[3]  The government asserts that NSA has "clear rules that no document, whether marked classified or unclassified, may be removed from NSA without NSA's express approval."  Response at 13.  To date, and despite requests from the defense, the government has produced no evidence to support this assertion regarding NSA's rules on removing unclassified documents from the agency.