IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Criminal No. 10 CR 00181 RDB |
| | * | |
| **THOMAS ANDREWS DRAKE,** | * | |
| | * | |
| Defendant. | * | |
| | ****** | |

**GOVERNMENT'S REPLY TO
DEFENDANT'S RESPONSE TO MOTION IN LIMINE TO BAR
REFERENCE TO AND ADMISSION OF PUBLISHED NEWSPAPER ARTICLES**

The United States of America, by and through William M. Welch II, Senior Litigation Counsel, and John P. Pearson, Trial Attorney, Public Integrity Section, Criminal Division, United States Department of Justice, respectfully files this reply to the *Defendant's Response to Motion in Limine to Bar Reference to and Admission of Published Newspaper Articles*. Dkt. 70.  The defendant's opposition must fail.

As a threshold matter, the published newspaper articles are in fact hearsay because they are being offered for their truth.  The articles are being offered to assert the fact that they are unclassified.  That assertion of fact - that the articles are unclassified - must be asserted for its truth in order for the articles to be admitted even under the defense's theory.

In addition, the fallacy in the defendant's argument is that the substance of the published newspaper articles – articles that the defendant never knew if they would ever be published, that he never wrote,  and whose content had been shaped and selected by individuals other than the defendant  –  somehow reflects the "true intent" of the defendant.  However, his "true intent" as articulated by the defendant is irrelevant.  That the defendant did not intend to harm the country

is not relevant to a Section 793(e) prosecution involving documents.

Moreover, since individuals other than the defendant decided what information went into the articles, it is impossible factually for the published newspaper articles to reflect "his true intent." The published newspaper articles also cannot reflect the defendant's "true intent" because the published newspaper articles are an amalgam of information from multiple, unidentified sources. If the defendant cannot link all of the information contained in the published newspaper article as deriving from him, then it impossible for the entire content of the published newspaper articles to reflect his "true intent." They are a measure of nothing then. If the published newspaper articles cannot reflect his true intent, then they are irrelevant and inadmissible.

The published newspaper articles are also cumulative. The best evidence of the defendant's true intent are the defendant's own statements that he never intended to provide classified information to Reporter A. As the defendant's motion makes clear, the defendant made these statements on multiple occasions during his interviews with the FBI. Those statements are the best evidence of his intent, not the published newspaper articles.

Finally, the published newspaper articles are unduly prejudicial. The only purpose for the admission of these newspaper articles is to put NSA on trial, and the published newspaper articles will only confuse the jury and distract them from the true issues at hand.

**I**      **The Published Newspaper Articles Are Inadmissible Because The Articles Are Being Offered For Their Truth.**

The defendant argues that the published newspaper articles are not hearsay because they are not being offered for their truth, but simply to show that they are unclassified. *See*

*Defendant's Response*, pg 6-7, Dkt. 70 (hereinafter "*Response*").  But to show that the content is unclassified, all of the statements of fact within the published newspaper articles need to be offered for their truth.  Otherwise, the predicate fact for the admission of the newspaper article – that the facts contained within the articles are not classified - cannot be established.

In addition, the proposition for which the defendant offers the articles - that the content of articles is unclassified - is itself a statement of fact being offered for its truth.  Under the defense theory, the articles have no relevance *unless* they are in fact unclassified.  Therefore, as a threshold matter, the published newspaper articles are double hearsay, and the defendant has not established any hearsay exception under which the published newspaper articles are inadmissible.  Accordingly, the published newspaper articles should be excluded under Rule 801(c).

II.     **The Published Newspaper Articles Are Irrelevant Because The Articles Do Not Rebut An Essential Element Of The Offense.**

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.  The defendant contends that they want to introduce the published newspaper articles to show the defendant's "true intent of his cooperation with Reporter A." *See Response*, pg 2.  The thread of the defendant's logic is that if he never intended to give classified information to Reporter A, and the published newspaper articles never contained classified information,[1] then the defendant must never had intended to bring classified information home in the first instance. *Id*. at 5-6.  That argument breaks down

---

[1] The defendant contends that the published newspaper articles do not contain classified information.  That is incorrect.  Several of the newspaper articles in fact contain classified information, and therefore, the published newspaper articles do not support the proposition for which the defendant offers them.

3

legally because the government does not have to prove that the defendant intended to harm the United States, and factually because it is impossible for the published newspaper articles to reflect his intent, thus rendering the newspaper articles inadmissible.

As explained in more detail in the *Government's Response to Defendant's Motion to Dismiss Counts One Through Five of the Indictment*, pg. 8-10, Dkt. 66, the government does not have to prove that defendant intended to harm the country, or that he had reason to believe that his conduct would harm the country, in a Section 793(e) prosecution involving documents. *See United States v. Aquino,* 555 F.3d 124, 131 n.13 (3rd Cir. 2009); *United States v. Rosen*, 445 F.Supp.2d 602, 625 (E.D.Va. 2006); *United States v. Morison,* 604 F.Supp. 655, 658 (D.Md. 1985). Instead, Section 793(e), when it involves the illegal retention of documents, is a strict liability statute, and a defendant can be convicted of Section 793(e) in such a case "whether or not he knew or had reason to know of a specified use for the information contained therein." *Aquino,* 555 F.3d at 131 n.13. Thus, as a matter of law, the fact that the published newspaper articles may negate the defendant's intent to hurt his country is irrelevant.

Factually, the defendant's conduct can be fairly compartmentalized into two categories: (1) his conduct in bringing classified documents home; and (2) his conduct in sharing information and his discussions with Reporter A. For example, the defendant researched topics within NSA and removed documents from NSA for the specific purpose of assisting Reporter A, thus establishing willful conduct. *See e.g. Indictment*, ¶ 13, Dkt. 1. Similarly, the defendant described in some detail his contacts and his discussions with Reporter A during his interviews with the FBI. For example, he told the FBI that he did not share information about collection sites with Reporter A because he knew that it was classified information. That admission as well

4

as others prove the defendant's knowledge that the subject matter contained within certain charged and uncharged classified documents was classified, establishing his awareness of the heightened importance of the documents and the increased sensitivity with respect to handling such documents. That evidence in turn demonstrates that the defendant willfully removed classified documents from NSA and retained them at home, and not because of accident, mistake or negligence.

The defendant complains that the use of this evidence by the government, but denial of this evidence to the defense is unfair, but, as the court knows, the test of relevance is always one of *unfair* prejudice, and "'[t]he mere fact that the evidence will damage the defendant's case is not enough.'" *United States v. Benkahla*, 530 F.3d 300, 310 (4th Cir. 2008)(quoting *United States v. Hammoud,* 381 F.3d 316, 341 (4th Cir. 2004))(en banc), *vacated on other grounds*, 543 U.S. 1097 (2005)). "'[T]he evidence must be *unfairly* prejudicial, and the unfair prejudice must *substantially* outweigh the probative value of the evidence.'" *Benkahla*, 530 F.3d at 310 (quoting *Hammoud,* 381 F.3d at 341)(internal quotations omitted, emphasis in original)). The question for this Court is whether the published newspaper articles satisfy the Rule 403 threshold, and they most assuredly do not.

The published newspaper articles do not prove the defendant's "true intent" because it is impossible for those articles to measure his intent. First, the defendant had no idea if Reporter A would ever write or publish the articles. Too many third parties – Reporter A, editors and lawyers - stood between the defendant's conduct and the publication of any articles. Moreover, the defendant's illegal retention of any classified documents occurred in response to requests for information by Reporter A and *before* the publication of the newspaper articles. Therefore, the

published newspaper articles never existed at the time of the commission of the charged crimes, and the articles cannot possibly measure the defendant's "true intent."

Not only did the defendant never know if the stories would ever be written, but he also never wrote or had any role in the decisions regarding what ultimately would be published. The published newspaper articles reflected what Reporter A, and presumably Reporter A's editors, wanted published, not the defendant. Reporter A and Reporter A's editors shaped and decided what information would remain in the newspaper articles, not the defendant. The lack of, or conversely the presence of, classified information in the published newspaper articles are the decisions of Reporter A and Reporter A's editor, not the defendant.[2] The defendant argues, for example, that when the defendant gave two classified documents to Reporter A, and those two documents did not make "their way into any newspaper articles," then that evidence somehow proves the defendant's intent. *See Response*, pg. 4. However, because Reporter A and Reporter A's editors decided what information to publish, and the published newspaper articles are not the work product of the defendant, the articles only measure the intent of Reporter A and Reporter A's editors, not the defendant's intent.[3] Therefore, the articles are irrelevant and inadmissible.

Yet one more fact, which is that the defendant was not the sole source for the published newspaper articles, warrants exclusion of this evidence. To reflect the defendant's "true intent,"

---

[2]The government is not suggesting one way or the other that those decisions were witting or unwitting.

[3]The government does not concede that the information for the "What a Success" and the "Regular Meetings" documents did not make its way into any newspaper articles. It is entirely possible that the information contained in those documents could have served as confirming information, or had been generalized enough so as to be not readily identifiable in the articles. Since the defendant did not write the articles, he does not know either, and this assertion is entirely conjecture.

6

the published newspaper articles must be attributable to the defendant alone.  But the published newspaper articles are an amalgam of information from multiple, unidentified sources.  Indeed, the defendant not only refused to allow himself to be used as "a single source for information," *see Indictment*, ¶ 12(c), but he also knew that Reporter A had multiple sources.  *Id*. at ¶12(d).  Thus, how the defendant can argue that the published newspaper articles measure his "true intent" when their content comes from multiple, unidentified sources is mystifying.  Once again, if the published newspaper articles cannot reflect his intent, then they are irrelevant and inadmissible.

Finally, the published newspaper articles are cumulative.  If the defendant's real intent in admitting the published newspaper articles is to establish his "true intent," then the defendant's statements to the FBI during his interviews in November and December 2007 and April 2008 are presumably the best evidence of his intent.  At various times during those interviews, the defendant made multiple statements like:

- he never gave classified information to Reporter A;
- he provided information to Reporter A that was unclassified;
- he did not want to provide classified information to Reporter A; and
- he advised Reporter A to remove classified information from drafts of articles.

The direct examination of the interviewing FBI special agents will bring out those admissions, and cross-examination can cover any of the same "true intent" evidence that the defendant wants to extrapolate from the published newspaper articles.  Unlike the published newspaper articles, the defendant's direct admissions to the interviewing agents are not attenuated by time or other

7

actors in order to be relevant in establishing the defendant's "true intent."

The failure to admit the newspaper articles does not create a prejudicial gap for the defendant and an incomplete story. The defendant's admissions to the interviewing agents completes the story that he wants to tell directly, unlike the inferences that the defendant seeks to draw from the published newspaper articles. There can be no prejudice where the same intent evidence is admitted through another source. *See e.g. United States v. Iskander*, 407 F.3d 232, 238 (4th Cir. 2005)(affirming exclusion of expert's testimony as confusing to the jury and cumulative because the defendant elicited similar evidence from other sources); *United States v. Lancaster*, 96 F.3d 734, 744 (4th Cir. 1996)(affirming exclusion of witness' testimony regarding his knowledge of each disciplinary report in another witness' personnel file as unnecessarily cumulative).

Nor can it be said that it is unfair for the defendant to be denied this evidence when the government can use this evidence. The government does not intend to introduce the published newspaper articles or the content of those articles because disclosure to Reporter A is not an essential element. While the government intends to admit evidence of his admissions and his conduct in bringing classified documents home, in sharing information, including documents, with Reporter A, and in discussing certain topics with Reporter A, the government sees no need to admit the published newspaper articles themselves. The articles simply are not relevant to the issues at hand.

**III.    The Published Newspaper Articles Are Unduly Prejudicial And Confusing To The Jury Under Rule 403.**

Rule 403 provides that although evidence may be relevant, evidence may be excluded if

its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." A district court should exclude relevant evidence when "its probative value is 'substantially outweighed' by the potential for undue prejudice, confusion, delay or redundancy." *United States v. Queen,* 132 F.3d 991, 994 (4th Cir.1997)(quoting Fed.R.Evid. 403). *See also Old Chief v. United States*, 519 U.S. 172, 182-186 (1997)(evidence may be excluded under Rule 403 if its probative value is substantially outweighed by certain dangers, including unfair prejudice, confusion of the issues, or misleading the jury); *United States v. Aramony,* 88 F.3d 1369, 1378 (4th Cir.1996)(internal quotation marks omitted)(stating that evidence is unfairly prejudicial and excludable under Rule 403 "when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and ... this risk is disproportionate to the probative value of the offered evidence.").

Assuming even some marginal relevance for the published newspaper articles, the published newspaper articles are prejudicial and confusing to the jury. It is clear that part of the defendant's defense is not only a jury nullification defense, but also to put NSA on trial. Neither one of those defenses is appropriate or admissible. The articles are derogatory of NSA. The articles discuss issues and topics that are not relevant or germane to the charged crimes. The articles contain multiple, unattributed quotes from unidentified sources. If admitted, the government will be forced to call additional witnesses to explain the inaccuracies of the articles, forcing mini-trials on issues unrelated to the charges and a needless waste of the court's resources. Given the minimal relevance of the articles, the published newspaper articles do not survive a Rule 403 balancing test and should be excluded.

**III.     Conclusion**

Based upon the foregoing, the United States respectfully requests that the Court grants its motion and enter an order barring any reference to or admission of certain published newspaper articles.

Respectfully submitted this   18th   day of March 2011.

                    For the United States:

                    /s/ William M. Welch II
                    Senior Litigation Counsel
                    United States Department of Justice
                    300 State Street, Suite 230
                    Springfield, MA 01105
                    413-785-0111 (direct)
                    William.Welch3@usdoj.gov

                    John P. Pearson
                    Trial Attorney, Public Integrity Section
                    United States Department of Justice
                    1400 New York Avenue, NW, Suite 12100
                    Washington, DC  20005
                    202-307-2281 (direct)
                    John.Pearson@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that I have caused an electronic copy of the foregoing motion to be served via ECF upon James Wyda and Deborah Boardman, counsel for defendant Drake.

      /s/ William M. Welch II
      Senior Litigation Counsel
      United States Department of Justice