IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE UNITED STATES OF AMERICA

v.                         Criminal No.: RDB-10-0181

THOMAS ANDREWS DRAKE

**DEFENDANT'S REPLY IN SUPPORT OF HIS REQUEST FOR DISCLOSURE OF DEPARTMENT OF DEFENSE INSPECTOR GENERAL AUDIT DOCUMENTS**

The Defendant, Thomas Drake, through his attorneys, respectfully submits this reply in support of his memorandum requesting the production of documents relating to the Department of Defense Inspector General (DOD-IG) Audit of the Thinthread and Trailblazer programs ("Def.'s Mem.")[Docket No. 76]. Nothing in the government's response to the defendant's memorandum ("Response") [Docket No. 89] changes the fact that the volume and substance of the documents that Mr. Drake gave to DOD-IG investigators – in hard copy and electronically – are relevant to a defense of inadvertence. The apparent destruction of the hard copy DOD-IG documents is deeply prejudicial to the defense. The Court should require the government to explain when, why, and pursuant to which document destruction policy they were destroyed. In light of the document destruction, the Court should order the production of internal e-mails, memoranda, or other correspondence that reflect the nature and extent of Mr. Drake's cooperation with the DOD-IG. Only such relief will come close to curing the harm caused by the government's premature document destruction.[1]

---

[1] Many of the issues in this reply brief overlap with the issues raised in the filings relating to the Government's Motion *in Limine* To Preclude Evidence of Necessity, Justification, or Alleged "Whistleblowing" [Docket No. 53]. The government has recognized as much and incorporated its arguments in its Reply to Defendant's Response to Motion *In Limine* To Preclude Evidence of Necessity, Justification, or Alleged "Whistleblowing" ("Gov't Reply")

**I.	The Government Has Not Explained What Happened to the Documents Mr. Drake Provided to DOD-IG in Hard Copy.**

The government does not dispute that Mr. Drake provided hard copy documents to the DOD-IG investigators to assist them in their audit of NSA. It appears that some of the documents may still exist. *See* Docket No. 46 (February 15, 2011 letter to Court in which government reported that "most" of the DOD-IG hand-delivered documents have been destroyed). The government, however, claims that the documents Mr. Drake provided no longer exist or that his documents cannot be isolated from documents others provided. Notably absent from the government's filings is any explanation of why, when, and pursuant to which document destruction policy the documents were destroyed. Mr. Drake and the Court are due an explanation. The government was on notice that the documents might be relevant to a criminal prosecution as early as October 2006 and as recently as August 2007, yet it has not explained why the documents were destroyed. *See* Def.'s Mem. at 4.

The destruction of the hard copy DOD-IG documents is prejudicial to Mr. Drake's defense. As part of his inadvertence defense, Mr. Drake should be able to introduce evidence of the volume and substance of *all* of the documents provided to the DOD-IG, not just a subset of those documents, which is all he now has. That subset is insufficient.[2] The importance of the

---

[Docket No. 88]. The defense also incorporates by reference the arguments in its Response to the Motion *In Limine* To Preclude Evidence of Necessity, Justification, or Alleged "Whistleblowing" ("Def.'s Response") [Docket No. 75].

  ² The government's argument that the hard copy documents are cumulative of the documents Mr. Drake provided the DOD-IG electronically is incorrect. *See* Response at 3. First, the government admits that Mr. Drake provided, at the very least, a "notebook" of documents to the DOD-IG, and it has not indicated that its contents are duplicative of the electronic documents. Second, it would make no sense for Mr. Drake to provide the investigators with the same documents electronically and in hard copy. Third, the defense believes that the hard copy

2

hard copy documents is real, not speculative. The three DOD-IG documents found in Mr. Drake's basement were found in hard copy; they were not stored on his computer. If the jury is not aware of the volume (or existence) of the hard copy documents Mr. Drake provided to the DOD-IG, the jurors will be unfairly misled into believing that he communicated with the investigators only electronically, and they will not understand why the DOD-IG documents found in his basement were in loose leaf. In addition, the three documents found in Mr. Drake's basement relate to the DOD-IG, but for two of the three documents, it does not appears that their substance was e-mailed to the DOD-IG. The defense believes that the information in those documents was provided to the investigators by hand in hard copy, but it cannot prove that fact since the documents have been destroyed. Those are just two examples of the prejudice Mr. Drake has suffered as a result of the destruction of the documents.

The defense has tried to obtain evidence of Mr. Drake's in-person interactions with the DOD-IG investigators, but those efforts have been resisted by the government. Not only did the government destroy the hard copy DOD-IG documents, but the DOD-IG investigators have refused to speak with the defense. Under these circumstances, the defense requests that the Court order the government to disclose internal email or memoranda in the possession of the DOD-IG or the Department of Justice that reflect or discuss the nature and scope Mr. Drake's cooperation with the DOD-IG audit investigation. Only such relief will allow the defense to attempt to piece together the volume and substance of the hard copy DOD-IG documents, which are essential to

---

documents are, in fact, different from the electronic documents. Fourth, it is patently unfair for the government to claim that Mr. Drake has not established that the documents are not cumulative when the government is the party with exclusive control over the allegedly cumulative documents.

Mr. Drake's defense.[3]

## II. Under Any Jury Instructions for a 18 U.S.C. § 793(e) Violation, Evidence Tending to Establish Inadvertence is Admissible.

The viability of an inadvertence defense does not, as the government seems to suggest, turn on the outcome of the parties' dispute over the proper jury instructions for a § 793(e) charge. *See* Response at 1-2 (referencing the intent element of the statute); *see also* Gov't. Reply at 2-7.[4] Under any set of instructions, if Mr. Drake did not realize he had the documents in his house, he

---

[3] The prosecution insists that Mr. Drake is attempting to assert a justification defense. *See* Response at 2 (incorporating by reference Gov't. Reply); *see also* Gov't. Reply at 1-7. He is not. *See* Def.'s Response at 4. Try as it might, the prosecution cannot avoid the evidentiary consequences of an inadvertence defense by attempting to recast it as a justification defense. It appears that the government is attempting to unilaterally redefine the defense theory because it cannot dispute that inadvertence is a defense to a willful retention charge under 18 U.S.C. § 793(e) and that such a defense widens the scope of admissible evidence in Mr. Drake's favor.

[4] The defense has extensively briefed its position on the appropriate jury instructions for a retention charge. *See* Defendant's Memorandum in Support of the Motion to Dismiss Counts 1-5 at 31-34 [Docket No. 52-1]. The government has taken issue primarily with one of the defense's requested instructions, which is discussed below. It is important to note, however, that the government and the defense are in agreement that the terms "willfully" and "relating to the national defense" are not defined in § 793(e) and that courts have been forced to define those terms in order for the statute to pass constitutional muster. The government also does not dispute that *Morison* and *Rosen* discuss what the government must prove under § 793(e) to establish Mr. Drake acted "willfully" and that the documents contained information "relating to the national defense." Where the parties diverge is the defendant's request for an instruction that Mr. Drake had "reason to believe [the information in the documents] . . . could be used to the injury of the United States or to the advantage of any foreign nation." *See* Gov't Reply at 2-3. The government claims that the "reason to believe" language applies to information, not documents, and therefore does not apply in this retention case. The defense has acknowledged that, under a plain reading of the statute, the government is correct, but the defense believes that such language must apply to documents for the statute to pass constitutional muster. *See* Docket No. 83 at 5. In any event, regardless of how the Court rules on that disputed issue, the ruling will not limit the relevance of the DOD-IG documents, Mr. Drake's whistleblowing activities, or an inadvertence defense, because those issues are relevant to the questions of whether Mr. Drake acted "willfully" and whether the documents "related to the national defense" – two elements the government concedes it must prove.

4

cannot be convicted of § 793(e). In addition, if Mr. Drake did not "willfully" retain the documents, he cannot be convicted of violating § 793(e). The term "willfully" is not defined in the statute, but as the government concedes, the Fourth Circuit has held that to prove the defendant acted "willfully," the government must prove beyond a reasonable doubt that he specifically intended to violate 18 U.S.C. § 793(e), and that he acted with a bad or underhanded purpose, not by an honest mistake. *See United States v. Morison*, 844 F.2d 1057, 1071 (4th Cir. 1988). The *Morison* Court's definition of the term "willfully" in § 793(e) was recently discussed in the *Rosen* case. *See United States v. Rosen*, 445 F. Supp. 2d 602 (E.D. Va. 2006). There, the *Rosen* court – citing to *Morison* while defining the term "willfully" under § 793(e) – held that the court should instruct the jury that the government must prove beyond a reasonable doubt that the defendant knew that information contained in the documents related to the national defense, *i.e.*, that if disclosed, that information would harm national security. *See id.* at 626 (citing *Morison*).[5]

---

[5] The government argues that it must prove that "the defendant objectively knew that the documents related to the national defense." *See* Gov't Reply at 6. That argument is incoherent. A defendant cannot "objectively" know something. He can only "subjectively" know something. In other words, what a defendant thinks or knows is necessarily subjective; it cannot be objective. Accordingly, whether Mr. Drake knew that the documents related to the national defense is a subjective, not objective, inquiry. To the extent the government is claiming that it must prove only what an "objective" or "reasonable person" in Mr. Drake's shoes knew, that is incorrect, unsupported by case law, and at odds with fundamental principles of criminal law. As the *Rosen* court held, to establish that a defendant acted "willfully," the government must prove that the defendant knew the information contained in the documents related to the national defense. *See Rosen*, 445 F. Supp. 2d at 626. That requirement makes perfect sense in light of *Morison's* holding that the government must prove that a defendant intended to violate the statute. To prove anyone intended to violate a statute criminalizing retention of information relating to the national defense, the government must prove that he subjectively knew that the information related to the national defense. Requiring the government to prove anything short of that, such as an "objective" belief by someone other than Mr. Drake, would come dangerously close to transforming the statute into a strict liability law. That is a result that Congress and courts around the country who have interpreted the statute have worked very hard to avoid. Similarly, lowering the government's burden of proof in this case to what an "objective" person

III. **The Volume and Substance of the DOD-IG Documents are Relevant to an Inadvertence Defense.**

   A. **The Government Has Conceded that the Volume of Documents is Relevant.**

The government has conceded that the volume of the documents Mr. Drake provided the DOD-IG electronically is relevant and admissible at trial. *See* Gov't. Reply at 7-8 (acknowledging that volume of documents provide to and correspondence with the DOD-IG investigators are relevant to an inadvertence defense). That concession, while important, does not go far enough, because it fails to include the significant number of hard copy documents that Mr. Drake gave the DOD-IG investigators. For the reasons discussed above, the jury must know the number of hard copy documents Mr. Drake provided to DOD-IG.

   B. **The Substance of the DOD-IG Documents Is Relevant to An Inadvertence Defense.**

The government's claim that the substance of the DOD-IG documents is irrelevant is wrong. The substance of the DOD-IG documents will provide the jury with context for the documents found in Mr. Drake's basement. Without seeing the content of the DOD-IG documents, the jury will not be able to compare the DOD-IG documents found in Mr. Drake's basement with the documents he did not bring home. A comparison of the basement documents with the highly sensitive and obviously Top Secret DOD-IG documents that Mr. Drake handled at NSA but were not found in his basement will tend to establish that Mr. Drake accidentally took the relatively less significant DOD-IG documents home. The substance of the documents also is relevant to whether Mr. Drake knew the information in the basement documents "related to the national defense." The jury cannot determine whether Mr. Drake knew the documents

---

should have known would allow a federal agency like NSA to establish an element of the statute by fiat. That would be contrary to Mr. Drake's Sixth Amendment right to trial by jury.

related to the national defense in a vacuum; they must be able to compare the substance of those documents with the substance of the other DOD-IG documents that he handled and did not take home.[6]

**CONCLUSION**

For these reasons and any others presented at a hearing on the defense's motion, Mr. Drake requests that this Honorable Court grant his motion for production of the DOD-IG documents.

Respectfully submitted,

/S/

JAMES WYDA, #25298
Federal Public Defender
DEBORAH L. BOARDMAN, #28655
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street
Tower II, Ninth Floor
Baltimore, Maryland 21201
Phone: 410-962-3962
Fax: 410-962-0872
Email: Jim_Wyda@fd.org
       Deborah_Boardman@fd.org

---

[6] The government's claim that Mr. Drake "can make the same argument without the admission of the DOD IG audit-related documents" is incorrect. *See* Gov't. Reply at 12. It is essential that the jury see the substance of the DOD-IG documents, because there is no other evidence that would establish how the three DOD-IG documents found in Mr. Drake's basement compare in substance to the DOD-IG documents that were not found in his basement.