IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Criminal No. RDB 10-181 |
| THOMAS ANDREWS DRAKE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The Defendant, Thomas A. Drake ("Mr. Drake" or "Defendant"), has filed the pending motion to dismiss Count Two of the Indictment. The issues have been fully briefed and a hearing was held on Thursday, March 31, 2011. For the reasons indicated on the record and those set forth below, Defendant's Motion to Dismiss Count Two of the Indictment (ECF No. 50) is DENIED.

### ANALYSIS

In Count Two of the Indictment, the Defendant Thomas Drake is charged with violating 18 U.S.C. § 793(e) by having unauthorized possession of, and willfully retaining, a two-page classified document relating to the national defense, which the Government refers to as "the Regular Meetings document." Though the Indictment charges that this document was classified at the time it was allegedly found in Mr. Drake's possession, *see* Indictment ¶ 17, Defendant challenges that the Regular Meetings document contained clear markings indicating that it was, in fact, an unclassified document. Thus Defendant claims that he cannot be convicted of "Retention of Classified Information" as set forth in Count Two because he could not have "

'willfully' retained a 'classified' document when the document was, and always has been, clearly marked 'unclassified.'" Reply at 1 (ECF No. 82).

As a general principle, motions to dismiss test whether an indictment sufficiently sets forth the charged offense against the defendant. *See United States v. Le*, 310 F. Supp. 2d 763, 772 (E.D. Va. 2004) (citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962)). "An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974)). *Accord United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002). In analyzing Defendant's motion to dismiss, however, this Court "must keep in mind that the indictment need not set forth with detail the government's evidence; nor need it enumerate every possible legal and factual theory of defendants' guilt." *Le*, 310 F. Supp. 2d at 772 (quoting *United States v. American Waste Fibers Co.*, 809 F.2d 1044, 1047 (4th Cir. 1987)).

In this case, Count Two of the Indictment tracks the language of § 793(e) and charges that the Regular Meetings document was classified, that Defendant retained it without authority, and that he did so willfully. In asserting that he cannot be convicted of this count, Mr. Drake proffers evidence to show that the Regular Meetings document was not, in fact, classified. Specifically, he contends that the document at issue was posted on the National Security Agency intranet, and that it was marked "UNCLASSIFIED/FOR OFFICIAL USE ONLY" in the header and footer. MTD, Ex. A (ECF No. 50-1). Thus, Defendant essentially challenges the sufficiency of the Government's evidence as to Count Two, but not the validity of the charge itself. Though Defendant's challenge may appropriately be made at the close of the government's case-in-chief pursuant to Rule 29 of the Federal Rules of Criminal Procedure, it is premature at this stage of

the proceedings. Accordingly, Defendant's Motion to Dismiss Count Two of the Indictment must be denied.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Count Two of the Indictment (ECF No. 50) is DENIED.

A separate Order follows.

Dated:       April 4, 2011                                        /s/ _____

Richard D. Bennett
United States District Judge