IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. 1:10-cr-0181-RDB |
| THOMAS ANDREWS DRAKE | * | |

**DEFENDANT'S MOTION FOR RECIPROCAL DISCLOSURE UNDER CIPA § 6(f) AND THE FIFTH AMENDMENT DUE PROCESS CLAUSE**

The Defendant, Thomas Drake, through his attorneys, respectfully moves the Court under CIPA § 6(f) and the Fifth Amendment Due Process Clause for an Order (1) requiring the government to provide to the defense all information it expects to use to rebut the classified information that the Court has determined to be relevant and admissible under CIPA § 6(a), and (2) placing the government under a continuing duty to provide such information.

**BACKGROUND**

On April 8, 2011, the defense submitted its CIPA § 5 Notice listing the classified information that Mr. Drake reasonably expects to disclose at trial. The defense also filed a memorandum outlining the use, relevance, and admissibility of the listed evidence. The government identified a binder of classified exhibits that it intends to introduce at trial.

The government requested a hearing on relevance under CIPA § 6(a). The hearing was held on April 26, 2011. In oral rulings, which will be memorialized in a written Order, the Court held relevant and admissible much of the classified information on Mr. Drake's CIPA § 5 Notice as well as the entirety of the government's binder of exhibits. The government then proposed substitutions under CIPA § 6(c). The Court held a substitution hearing on May 4, 5, 6, and 9. At the substitution hearing, the defense was forced to disclose and discuss the details of Mr. Drake's defense and counsel's anticipated cross-examination of the key government witnesses, including its classification expert and the lead FBI and NSA investigators. Indeed, throughout the CIPA

process, the defense has been compelled to provide the government with a detailed preview of Mr. Drake's defenses to the charges.

## ARGUMENT

CIPA § 6(f) provides in relevant part:

> Whenever the court determines pursuant to subsection (a) that classified information may be disclosed in connection with a trial or pretrial proceeding, the court shall, unless the interests of fairness do not so require, order the United States to provide the defendant with the information it expects to use to rebut the classified information. The court may place the United States under a continuing duty to disclose such rebuttal information.

CIPA § 6(f). As the language of this provision makes clear, the government's reciprocal disclosure obligation is triggered by the district court's finding of relevance and admissibility under CIPA § 6(a). *See, e.g., United States v. Lopez-Lima*, 738 F. Supp. 1404, 1415 (S.D. Fla. 1990) (ordering reciprocal disclosure under § 6(f) following § 6(a) rulings). That obligation is not affected by the district court's substitution decisions under CIPA § 6(c) or by any further CIPA proceedings. In light of this Court's rulings concerning § 6(a), the government must now provide reciprocal disclosure under § 6(f). As the D.C. Circuit has recognized, § 6(f) requires the government to disclose rebuttal information that it will present during its case in chief, as well as in its rebuttal case. *See United States v. North*, 910 F.2d 843, 902 n.40, *modified on other grounds*, 920 F.2d 940 (D.C. Cir. 1990). *See also United States v. Ivy*, 1993 WL 316215, at *2 (E.D. Pa. Aug. 12, 1993) ("Whenever the court determines that classified information is relevant and admissible, the Government is required to provide the defendant with reciprocal discovery-the evidence the Government will use to rebut the defendant's revealed classified information evidence.").

Reciprocal disclosure is not just a statutory requirement under CIPA § 6(f)--it is a matter of due process. In *Wardius v. Oregon*, 412 U.S. 470 (1973), the Supreme Court held

that "[i]t is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State." *Id.* at 476.  Because CIPA §§ 5 and 6 require the defense to make substantial pretrial disclosures to the prosecution in cases involving classified information, defendants have argued repeatedly that the statute violates the principle of reciprocity embodied in the Due Process Clause, as interpreted in *Wardius*.  Courts have rejected these reciprocity challenges in significant part because CIPA § 6(f) ensures that the government's disclosure obligation is comparable to the defendant's.[1]  Absent reciprocity here under § 6(f), the massive pretrial disclosure that CIPA has compelled Mr. Drake to make would violate his Fifth Amendment right to due process.

Given the extensive pretrial disclosure of Mr. Drake's theory of defense that he has been forced to provide in the CIPA process, it is only fair that the government--which has been investigating the case for years--be similarly required to identify the evidence it will use to rebut his defense.  Moreover, § 6(f) authorizes the Court to "place the United States under a continuing duty to disclose such rebuttal information."  The "continuing duty" provision ensures that, as the government discovers rebuttal evidence of which it was previously unaware, it will make prompt disclosure to the defense.

## CONCLUSION

For the foregoing reasons, the Court should enter an Order (1) requiring the government to provide to the defense all information it expects to use to rebut the classified information that the Court has determined to be relevant and admissible under CIPA § 6(a), and (2) placing the government under a continuing duty to provide such information.

---

[1] *See, e.g., United States v. Collins*, 720 F.2d 1195, 1200 (11th Cir. 1983); *United States v. Lee*, 90 F. Supp. 2d 1324, 1329 (D.N.M. 2000); *Ivy*, 1993 WL 316215, at *4-5.

        Respectfully submitted,

              /S/
        _____
        JAMES WYDA, #025298
        Federal Public Defender
        DEBORAH L. BOARDMAN, #28655
        Assistant Federal Public Defender
        Office of the Federal Public Defender
        100 South Charles Street, Tower II, 9th Floor
        Baltimore, Maryland 21201
        Phone: 410-962-3962
        Fax: 410-962-0872
        Email: jim_wyda@fd.org
               deborah_boardman@fd.org