```
                                                    FILED      ENTERED
                                                    LODGED     RECEIVED

      IN THE UNITED STATES DISTRICT COURT          JUN - 1 2011
          FOR THE DISTRICT OF MARYLAND
                NORTHERN DIVISION                   AT BALTIMORE
                                                CLERK U.S. DISTRICT COURT
                                                  DISTRICT OF MARYLAND
                                                                  DEPUTY
                                            BY
UNITED STATES OF AMERICA          *
                                  *
v.                                *    Case No. 10 CR 00181 RDB
                                  *
THOMAS ANDREWS DRAKE,             *
                                  *
      Defendant.                  *
                               ******
```

## ORDER REGARDING ADMISSIBILITY CLASSIFIED INFORMATION

Pursuant to the authority granted under Section 6(a) of the Classified Information Procedures Act, 18 U.S.C. App. 3 (2006) ("CIPA"), and the Security Procedures Established Pursuant to CIPA by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA section 9), and having received no objection to the government's proposed classified exhibits, the Court makes the following rulings regarding the evidence set forth in the defendant's April 8, 2011 notice pursuant to Section 5 of CIPA. These reasons should reflect, and be consistent with, the Court's rulings on the record during the April 26, 2011 CIPA hearing.

1. <u>Volume 7, Exhibit 1, Document 1</u>: The Court finds this email, captioned "(U) FW: Analyst TT Testimony" and dated 10/08/03, relevant and admissible under Rules 401 and 801. The email is not hearsay because it is not being offered to prove the truth of the matters asserted. The email is relevant to the defendant's state of mind and when his cooperation with the DOD IG began. The government may provide substitutions where appropriate.

2. <u>Volume 7, Exhibit 1, Document 2</u>: The Court finds this email, captioned "FW: (U) Helping the DO/PMC Investment Assessment Process" and dated 10/26/03, relevant and

admissible under Rules 401 and 801. The email is not hearsay because it is not being offered to prove the truth of the matters asserted. The email is relevant to the defendant's state of mind, the issue of his retention of documents, and his cooperation with the DOD IG. The government may redact pages two through six as those pages do not meet the threshold evidentiary requirements of Rule 403. The government may provide substitutions where appropriate.

3. <u>Volume 7, Exhibit 1, Document 13</u>: The Court finds this email, captioned "RE: (U) DOCUMENTATION" and dated 2/2/04, found at bates stamp numbers NSA(c) 000798 and through the top of NSA(c) 000799, relevant and admissible under Rules 401 and 801. The email is not hearsay because it is not being offered to prove the truth of the matters asserted. The email is relevant to the defendant's state of mind and his cooperation with the DOD IG. The government may redact the remainder of NSA(c) 000799 through 000801 and prepare substitutions where appropriate in NSA(c) 000798 and 000799.

4. <u>Volume 7, Exhibit 1, Document 30</u>: The Court finds this email, captioned "(U) TB/TDP" and dated 04/06/04, relevant and admissible under Rules 401 and 801. The email is not hearsay because it is not being offered to prove the truth of the matters asserted. It is relevant to the defendant's state of mind and his cooperation with the DOD IG. The government may provide substitutions where appropriate.

5. <u>Volume 7, Exhibit 1, Document 36</u>: The Court finds that the beginning of this email, captioned "(U)TT/TB" and dated 07/26/04, is relevant and admissible under Rules 401 and 801. The email is not hearsay because it is not being offered to prove the truth of the matters asserted. It is relevant to the defendant's state of mind and his cooperation with the DOD IG. However, the Court finds that the body of the email from "I heard from a source . . ." through ". .

. Milestone A and B!" inadmissible under Rule 403.

6.   <u>Volume 7, Exhibit 1, Document 40</u>: The Court finds this email, captioned "RE: (U) Current TT capabilities" and dated 09/08/04, relevant and admissible under Rules 401 and 801, because it reflects the defendant's cooperation with the DOD IG and his state of mind. The government does not object to the relevance and admissibility of this two-page email. The government may prepare substitutions where appropriate.[1]

7.   <u>Volume 4, Exhibit 2</u>: The Court finds that the substance of the emails between the defendant and Sandy Lange, another NSA employee, are inadmissible under Rule 403. The Court further finds that the fact of the contact between Mr. Drake and Mr. Lange are relevant under Rule 401 to establish the nature and scope of the defendant's cooperation with the DOD IG and the fact that Mr. Lange knew that Mr. Drake was sharing his information with the DOD IG. Accordingly, the defendant may prepare a summary chart reflecting the contacts between the defendant and Mr. Drake. The government may redact and/or prepare substitutions for the summary chart where appropriate.

8.   <u>Volume 7, Exhibit 3</u>: The Court finds that this email exchange between the defendant and the Director of the NSA, captioned "RE: (U)Getting Beyond Legacy: Better, Faster and Cheaper DNE Solutions - What's at Stake" and dated 11/21/05, is relevant and

---

[1] The Court notes that Exhibit 1, as originally proffered, contained approximately forty-nine (49) emails between Mr. Drake and the DOD IG auditors. These emails are among the hundreds of emails between Mr. Drake and the DOD IG auditors that the government produced. The Court previously granted in part and denied in part the government's motion in limine to bar a necessity or justification defense for the reasons previously stated on the record. The defendant has proffered that he does not intend to present such a defense. Moreover, the Court has made it clear that given the nature of the charges in this case and the essential elements of the charged crimes, the Court does not view the merits or details of the various NSA collections programs as relevant under Rules 401 and 403.

admissible under Rules 401 and 801. The email is not hearsay because it is not being admitted to prove the truth of the matters asserted. It is relevant and admissible because it reflects the defendant's state of mind and explains why he may have contacted the reporter and/or used Hushmail. However, the Court finds that the body of the email from: (a) "THIN THREAD was developed . . ." on page two through ". . . Deputy PM." on page four; (b) "4) Would need some $ . . ." through ". . . or association with THIN THREAD" on page five; and (c) "P.S. The fact that . . ." on page five to the end inadmissible under Rule 403. The government may prepare substitutions where appropriate.

9. <u>Volume 1, Exhibit 4</u>: The Court notes that the parties agree that this document, known as the "Regular Meetings" document, is relevant and admissible. The government may prepare substitutions where appropriate.

10. <u>Volume 1, Exhibits 5 through 7</u>: The Court notes that the parties agree that these documents, identified as the documents shown to the defendant during his interviews, are relevant and may be used during the cross-examination of witnesses. The Court requests that if any party believes that they may reveal any classified information contained within any of these documents, then the party should provide the Court advance notice so that the issue can be addressed ahead of time.

11. <u>Volume 1, Exhibit 8</u>: The Court notes that the parties agree that these documents, identified as the Gorman Hushmail emails, are relevant and admissible, and contain no classified information.

12. <u>Volume 1, Exhibit 9</u>: The Court finds that the newspaper articles are relevant under Rule 401. They are not hearsay because they are not being offered to prove the truth of the

matters asserted therein. The government contends that the articles contain classified information and has offered to stipulate to that there is no evidence that Reporter A relied on any of the allegedly classified information found in Mr. Drake's home in any newspaper articles published on her behalf. The Court recognizes the government's concerns that the articles, if admitted with redactions, could reveal classified information because individuals could compare the redacted newspaper article admitted at trial with the unredacted newspaper articles currently available to the public. The Court also recognizes that while the absence of information in the newpaper articles is relevant, the newspaper articles contain multiple levels of hearsay and would not be admissible in the ordinary course. The Court also recognizes that the topic areas and subject matter of the articles are relevant to the willful retention charges and to rebut the allegations in the Indictment that Mr. Drake brought classified information home for the purpose of sharing it with a reporter. In light of these competing interests and concerns, the Court instructs the parties to agree to a stipulation regarding the fact that there is no evidence that Reporter A relied upon any allegedly classified information found in Mr. Drake's house in her articles. The Court further instructs the parties to agree to a summary of the contents of the newspaper articles. The Court will rule upon the stipulation(s) and summaries.

13.   Volume 1, Exhibit 10: The Court finds that certain pages of this document, known as the documents relating to NSA assessment of authorized media disclosures of NSA information, are relevant and admissible under Rules 401 and 803(8). The documents, found at bates stamp numbers NSA 000346-348, are relevant regarding possible confusion over the nature of classified documents within NSA and in the possible cross-examination of the government's expert. The government may prepare redactions and/or substitutions where appropriate.

14. <u>Volume 1, Exhibit 11</u>: A ruling on the relevance and admissibility of Classified Statements 1 and 2 should be deferred until the Court rules on the government's request to invoke the silent witness rule. The government agrees that these written statements of its expert witness will be inadmissible if the Court does not invoke the silent witness rule. The defense objects to the use of the silence witness rule and the introduction of these statements. The parties' arguments relating to these documents are reserved.

15. <u>Volume 2, Exhibit 13</u>: The Court notes that the parties agree that the classification guides are relevant and may be used during the trial. The government may prepare redactions and/or substitutions where appropriate.

16. <u>Volume 2, Exhibit 14</u>: The Court finds that this two-page summary of NSA's classification guides is inadmissible.

17. <u>Volume 2, Exhibit 15</u>: The Court notes that the parties agree that these documents, known as the defendant's Security File, are relevant and admissible. The government has prepared and produced an unclassified version of this file to the defense, and the defendant has agreed to make arrangement to compare the unclassified version to the classified file currently possessed by NSA.

18. <u>Volume 2, Exhibit 16</u>: The Court finds that these documents, known as the FBI 302s of the interviews of the defendant, are relevant and may be used during cross-examination of relevant witnesses. The Court further finds that the defendant's statements in the 302s are admissible under Rule 803(3). To the extent any portion of the 302s may become admissible under other evidentiary rules, the parties reserve the right to seek to admit any such portions of the 302s in accordance with the Federal Rules of Evidence.

The Court further finds, however, that any reference to the Terrorist Surveillance Program, also known as the "TSP," is irrelevant and inadmissible under Rules 401 and 403. First, the TSP is not relevant to the issues at hand in this case. Second, the TSP will be distracting and confusing to the jury. Any evidence elicited about the TSP will by unfairly prejudicial to both parties given the nature of the issues involved with the TSP. The Court has afforded defense counsel the opportunity to re-examine the FBI 302s and their notes before issuing its final ruling in this regard. The government may prepare redactions and/or substitutions where appropriate.

19. <u>Volume 2, Exhibit 17</u>: The Court finds that these documents, known as the FBI notes of the interviews of the defendant, are relevant and may be used during cross-examination of relevant witnesses. The Court's rulings regarding alternative evidentiary uses of the handwritten notes and the "TSP" as set forth at Paragraph 18 apply with equal force to the agent's handwritten notes.

20. <u>Volume 2, Exhibit 22</u>: The Court finds that these documents, known as the other FBI 302s regarding the defendant, are relevant and may be used during cross-examination of relevant witnesses. The Court's rulings regarding alternative evidentiary uses of these FBI 302s and the "TSP" as set forth at Paragraph 18 apply with equal force to Exhibit 22.

21. <u>Volume 2, Exhibits 23-38</u>: The Court finds that these documents, known as the FBI 302s of various, identified individuals, are relevant and may be used during cross-examination of the individual if the individual takes the stand and testifies at trial. The defendant agrees that he does not intend to admit the FBI 302s into evidence. The Court's rulings regarding alternative evidentiary uses of these FBI 302s and the "TSP" as set forth at Paragraph 18 apply

with equal force to Exhibits 23 through 38.

22. <u>Volume 2, Exhibits 39-41</u>: The Court finds that these documents, known as other FBI 302s, FBI Computer Analysis Response Team Report, and FISUR logs respectively, are relevant and may be used during cross-examination of relevant witnesses. The defendant agrees that he does not intend to admit the FBI 302s into evidence. The Court's rulings regarding alternative evidentiary uses of these FBI 302s and the "TSP" as set forth at Paragraph 18 apply with equal force to Exhibits 39 through 41. The Court understands that the government is in the process of declassifying or producing unclassified versions of Exhibits 39 through 41.

23. <u>Volume 2, Exhibit 42</u>: The Court finds that these documents, known as the NSA interview memoranda of various identified individuals, are relevant and may be used during cross-examination of the individual if the individual takes the stand and testifies at trial or if the author of the memoranda, Special Agent Andreas, takes the stand and testifies at trial. The Court's rulings regarding alternative evidentiary uses of these memoranda and the "TSP" as set forth at Paragraph 18 apply with equal force to Exhibit 42.

24. <u>Volume 3, Exhibit 43</u>: The Court finds that this document, known as the key data points record, is of questionable use and doubts that the document would be admissible. The defense and government have indicated they do not intend to introduce this document in their respective cases. The Court's ruling is based in part upon the defendant's representation that he does not intend to present argument or a defense that the investigation and prosecution of the defendant is in response to or in retaliation for the defendant's cooperation in the DOD IG audit. In the event the government deems the document relevant to rebut a defense that the investigation and prosecution of the defendant was in response to or in retaliation for the

defendant's cooperation in the DOD IG audit, the Court will revisit the admissibility of this document. All of the parties's arguments regarding this document are reserved.

25. <u>Volume 3, Exhibit 44</u>: The Court finds that this document, known as NSA badge records, is relevant and may be introduced at trial. Both parties agree that this document is unclassified.

26. <u>Volume 3, Exhibits 45 and 46</u>: The Court finds that these documents, known as the internet and printer records respectively, are relevant and may be introduced at trial. The government may prepare redactions and/or substitutions where appropriate.

27. <u>Volume 3, Exhibit 47</u>: The Court finds that this document, known as NSANet Computer Logs on-off, are relevant and may be introduced at trial. Both parties agree that the substitution provided by the government is unclassified and acceptable to the defendant.

28. <u>Volume 3, Exhibit 48</u>: The Court finds that this document, known as NSA Indoctrination - Debrief records, are relevant and may be introduced at trial. Both parties agree that this document is unclassified.

29. <u>Volume 3, Exhibit 49</u>: The Court finds that these documents, known as the Search Warrant materials, are relevant and may be used during cross-examination of relevant witnesses. The defense agrees that they do not intend to admit this document into evidence. The Court's rulings regarding alternative evidentiary uses of these documents and the "TSP" as set forth at Paragraph 18 apply with equal force to Exhibit 49. The Court understands that the government is in the process of producing an unclassified version of Exhibit 49.

30. <u>Volume 5, Exhibit 50</u>: The Court finds that this document, known as the classified DOD IG audit, is inadmissible under Rule 403. The Court finds that the fact of the

DOD IG audit and report are relevant under Rules 401, but the details of the report are irrelevant and inadmissible. The defendant has indicated that he does not intend to introduce the classified DOD IG audit into evidence. The defendant will identify for the government portions of the unclassified DOD IG report that he intends to use at trial.

31. <u>Volume V, Exhibit 51</u>: The Court finds that this document, known as the Grand Jury Testimony of Special Agent Ethan Andreas, is relevant and may be used during cross-examination of relevant witnesses. The Court's rulings regarding alternative evidentiary uses of this grand jury testimony and the "TSP" as set forth at Paragraph 18 apply with equal force to Exhibit 51. The Court understands that the government has produced an unclassified version of the grand jury testimony of Special Agent Andreas.

32. <u>Volume V, Exhibit 52</u>: The Court finds that this document, known as the Grand Jury Testimony of Special Agent Laura Pino, is relevant and may be used during cross-examination of relevant witnesses. Court's rulings regarding alternative evidentiary uses of this grand jury testimony and the "TSP" as set forth at Paragraph 18 apply with equal force to Exhibit 52. The Court understands that this exhibit has been deemed unclassified by the government.

33. <u>Volume 6, Documents 1 through 11</u>: The Court finds that the following documents, known as:

    1. Discussion Report, dated 03/19/04;

    2. RE: Thinthread Wealthycluster Turmoil comparison Chart, dated 05/25/05;

    3. (U) Details Ref P26 and Pinwale, dated 10/07/03;

    4.      FW: (U) Mainway Scalability, dated 10/03/01

    5.      Data Rate Chart, dated 07/02/04;

    6.      Content Evaluation using Thinthread, dated 10/02/01;

    7.      What is still at stake! An end of the week perspective for you, dated 10/05/01;

    8.      FW: CEPR March 28th – Thin Thread charts Read Ahead, dated 10/07/03;

    9.      Knowledge Discovery and ensuring relevance -- enabling our "living" on the net, dated 09/29/01;

    10. Paper from early 2001 – Thinthread alternative to Trailblazer, dated 10/06/03; and,

    11. (U), dated 10/09/03.

are relevant and admissible under Rules 401 and 801. These documents are not hearsay because they are not being offered to prove the truth of the matters asserted. The documents are relevant to establish that the defendant handled and possessed a significant number of classified documents in connection with his participation in the DOD IG audit, that any possession of information relating to the national defense at home was inadvertent, and that he did not intend to violate 18 U.S.C. § 793(e).

    34.    <u>The Catherine Murray Binder</u>. The Court notes that the parties agree that the contents of the binder produced by the government in December 2010 that contain documents found in Mr. Drake's basement and reviewed by its classification expert, Ms. Catherine Murray, (the "Murray Binder") are relevant and admissible under Rules 401 and 801. The government may propose substitutions where appropriate for the classified information in the Murray Binder.

    35.    <u>Testimony</u>. The Court finds that testimony regarding the aforementioned

documents is admissible consistent with the rulings herein. The government will propose substitutions, including unclassified descriptions of the relevant NSA programs.

SO ORDERED this 1st day of June, 2011

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE