**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Criminal No. 1:10-cr-0181-RDB** |
| **THOMAS ANDREWS DRAKE** | * | |

**DEFENDANT'S REPLY REGARDING EVIDENCE OF
ALLEGEDLY CLASSIFIED INFORMATION IN THE PUBLIC DOMAIN**

The defendant, Thomas Drake, through his attorneys, submits this reply in response to the

government's opposition to Mr. Drake's memorandum identifying evidence in the public domain

of allegedly classified information.[1]  In his memorandum, Mr. Drake submitted evidence that

information found in the documents in his home and considered classified by the National

Security Agency is not "closely held."  Indeed, the evidence shows that the allegedly classified

information has been officially released and discussed by numerous agencies and officials of the

United States government, including NSA, the Director of National Intelligence, the United

States Congress, the Department of Justice, and the White House.  This "public domain"

evidence was provided to the Court in response to the Court's request during the Section 6(c)

hearing.  During the hearing, counsel represented that the defense will introduce evidence that

some of the allegedly classified information found in the documents charged in the Indictment

can be found in the public domain.  The Court accepted counsel's representations, requested a

memorandum identifying the evidence to support counsel's oral proffer, and proceeded to rule on

substitutions in reliance on counsel's representations.  In light of "public domain" evidence

---

[1]     Both filings were filed pursuant to CIPA.  This filing addresses the governing
legal principles and contains no classified information.

1

recently submitted by Mr. Drake, the Court's substitution rulings remain in effect.[2]

I.      **Information Officially Disclosed by the United States Government and Lawfully Available to the Public is Not Closely Held.**

The parties agree that the Fourth Circuit's definition of "closely held" in *United States v. Squillacote*, 221 F.3d 542 (4th Cir. 2000) applies in this case.[3]  Under *Squillacote*, official information is closely held unless the United States government has made it lawfully available to the public, or if the sources of the information are lawfully available to the public, and the United States government has made no effort to guard such information.  221 F.3d at 578.  If the information has been made public by the government, or is publicly available information that the government has not sought to protect, it cannot be considered closely held for purposes of § 793, and it, therefore, cannot be national defense information.[4]

---

[2]      *See* May 4, 2011 Hr'g Tr. CIPA-II at 297 (the Court informing government counsel:  ". . . if it is in the public domain, then the objection of the government will be overruled as to this, and I would not have substitution language, but, if I rule that it's not in the public domain, then I think we're going to have to have a substitution language").

[3]      Whether information is "closely held" is one of two elements the government must establish beyond a reasonable doubt to prove a document contains information relating to the national defense under 18 U.S.C. § 793(e).  *See United States v. Morison*, 844 F.2d 1057, 1071-72 (4th Cir. 1988) (footnote omitted) (finding the government must prove beyond a reasonable doubt (1) that disclosure of information in the document would be potentially damaging to the national defense, and (2) that the information is "closely held" in that it "ha[s] not been made public and [is] not available to the general public.").

[4]      The parties also agree that, under *Squillacote*, information that appears in the public realm only because it has been leaked by an unofficial, nongovernmental source remains closely held under § 793(e).  *See id.* at 578 ("[A] document containing official government information relating to the national defense will not be considered available to the public (and therefore no longer national defense information) until the official information in that document is lawfully available.  Thus, . . . mere leaks of classified information are insufficient to prevent prosecution for the transmission of a classified document that is the official source of the leaked classified information").  Mr. Drake is not introducing evidence based on leaks of classified information.

In an attempt to narrow the *Squillacote* holding, the prosecution takes the novel position that information is made public by "the United States government" only when it is made public by "the NSA." *See* Gov't Opp. at 9. The prosecution is incorrect. *Squillacote* stands for no such proposition. Under *Squillacote*, the only issue is whether information has been made public by some governmental entity, rather than due to a leak from an unauthorized source. *Squillacote*, 221 F.3d at 577 (holding that "the central issue is the secrecy of the information, which is determined by the government's actions") (emphasis added). *See also United States v. Dedeyan*, 584 F.2d 36, 39-40 (4th Cir. 1978) (holding that information in a document is not closely held if it "has been made public by Congress or the Department of Defense and is found in sources lawfully available to the general public[,]" or if the sources of the information "are lawfully available to the public, and the United States and the Department of Defense has made no effort to guard such information") (emphasis added); *United States v. Abu-Jihaad*, 600 F. Supp. 2d 362, 387 (D. Conn. 2009) (instructing the jury on "closely held" information, the court stated: "Where the information has been made public by the United States Government and is found in sources lawfully available to the general public, it is not 'closely held'" and "where sources of information are lawfully available to the public and the United States Government has made no effort to guard such information, the information itself is not "closely held") (emphasis added).

Here, the evidence will show that the information NSA claims is classified has been publically disclosed by numerous arms and officials of the United States government. In light of this evidence, the Court's substitution rulings on this topic remain in effect.

**II.     The Government's Additional Proposed Substitutions Do Not Afford Mr. Drake Substantially the Same Ability to Defend Himself.**

In its filing, the government submitted additional revised substitutions referenced in Section D.  Pursuant to the Court's correspondence to the parties yesterday, the defense will be prepared to address those proposed substitutions at tomorrow's hearing.  The defense has carefully considered the substitutions, and it does not appear that they comply with CIPA's requirement that Mr. Drake be afforded substantially the same ability to present his defense as he would if the classified information were disclosed.  *See United States v. Fernandez*, 913 F.2d 148, 158 (4th Cir. 1990) (finding that district court properly rejected government's proposed substitutions that "fell far short of informing the jury about that which the trial judge had already determined to be essential to [the] defense").  *See also United States v. Libby*, 467 F. Supp. 2d 20, 25 (D.D.C. 2006) ("[W]hen making an assessment under CIPA Section 6(c), the Court should not take into account or balance the government's national security interest in protecting the classified information from disclosure.  Rather, the statute makes clear that the Court's only inquiry is whether the proposed substitutions provide the defendant substantially the same ability to present his defense.").

## Conclusion

Mr. Drake faces extremely serious charges that could result in him serving time in federal prison if convicted.  He must be able to put forth his defense at trial, a right guaranteed him by the United States Constitution.  To defend himself against these charges, Mr. Drake must be allowed to cross-examine the government's expert witness and to test her opinion that the documents in Mr. Drake's home are classified.  He must be able to elicit and present evidence

4

that the documents he possessed did not contain national defense information, that he did not

believe they contained national defense information, that he did not specifically intend to violate

the law when he brought them home, and that his statements to federal agents in regard to the

documents were not false.

Respectfully submitted,

/s/

_____
JAMES WYDA, #25298
Federal Public Defender
DEBORAH L. BOARDMAN, #28655
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street
Tower II, Ninth Floor
Baltimore, Maryland 21201
Phone: 410-962-3962
Fax: 410-962-0872
Email: Jim_Wyda@fd.org
          Deborah_Boardman@fd.org