IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 10 CR 00181 RDB |
| | * | |
| THOMAS ANDREWS DRAKE, | * | |
| | * | |
| Defendant. | * | |

******

**MOTION TO DISMISS THE INDICTMENT AT THE TIME OF SENTENCING**

The United States of America, appearing by its undersigned attorneys, hereby notifies this Court of its intent to dismiss the indictment in this case *at the time of sentencing* under Rule 48(a) of the Federal Rules of Criminal Procedure, in exchange for the defendant's plea of guilty entered today to the criminal information filed yesterday. Based on the Court's rulings regarding proposed substitutions for references to the National Security Agency's (NSA) targeting of a particular telecommunications technology, the NSA's continued desire to protect its efforts in this area, and the plea agreement into which the parties have entered, the government respectfully requests permission to dismiss the indictment at the time of sentencing. In support of this motion, the government states as follows:

**I.     BACKGROUND AND ANALYSIS**

The defendant is charged with five counts of retaining national defense information, in violation of 18 U.S.C. § 793(e), one count of obstruction of justice, in violation of 18 U.S.C. § 1519, and four counts of making false statements, in violation of 18 U.S.C. § 1001. Numerous exhibits proffered by the government and the defendant, as well as multiple topics likely to arise

1

in the direct or cross examination of government and defense witnesses, refer to a highly classified area of the NSA's mission in targeting Signals Intelligence (SIGINT), one of its core functions as a part of the Department of Defense.

This Court has now ruled that no further substitutions for information in this area would provide the defendant substantially the same ability to make his defense and thus that the standard under section 6 of the Classified Information Procedures Act (CIPA), 18 U.S.C. App. §§ 1-16, had not been met. On June 6, 2011, the Court reaffirmed its ruling.

While the government respectfully disagrees with the Court's rulings regarding the proposed substitutions, this process has occurred precisely as Congress envisioned in drafting CIPA, and the government respects the Court's decision in this regard. As outlined in CIPA section 5 and 6, the parties indicated what classified information they reasonably expected to disclose through evidence at trial; the Court ruled on the use, relevance, and admissibility of the proposed evidence; and the government proposed substitutions and redactions. The Court has now ruled on the appropriateness of those substitutions and redactions, and the government has made its determination whether disclosure of the remaining classified information could harm national security. In particular, in light of the Court's ruling, which would mean that highly classified information would appear, without substitution, in exhibits made publicly available, the NSA has concluded that such disclosure would harm national security.

Simultaneously, the parties have engaged in plea negotiations. On June 9, 2011, the defendant signed a plea agreement noting his intent to plead guilty to an information charging him with one count of intentionally exceeding the authorized access of a computer, in violation of 18 U.S.C. § 1030, and on June 10, 2011, the defendant entered his guilty plea. The

2

government has agreed to this resolution.

## II. CONCLUSION

As a result of these developments, the government now requests that this Court dismiss, at the time of sentencing, the indictment now pending against the defendant pursuant to Rule 48(a). A proposed order has been attached.

                                              /s/ William M. Welch II
                                              William M. Welch II
                                              Senior Litigation Counsel
                                              John P. Pearson
                                              Trial Attorney
                                              Public Integrity Section

## **CERTIFICATE OF SERVICE**

  I hereby certify that I have caused an electronic copy of the foregoing motion to be served via ECF upon James Wyda and Deborah Boardman, counsel for defendant Drake.

            /s/ William M. Welch II
            Senior Litigation Counsel
            United States Department of Justice