

U.S. Department of Justice

Criminal Division

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 JUN 10 P 12: 05

CLERK'S OFFICE
AT BALTIMORE

BY_____

Washington, D.C. 20530

June 9, 2011

James Wyda, Esq.
Deborah Boardman, Esq.
Office of the Federal Public Defender
100 South Charles Street
BankAmerica Tower II, Ninth Floor
Baltimore, Maryland 21201

Re: *United States of America v. Thomas Andrews Drake*, Case No. 10-181 (RDB)

Dear Counsel:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the Criminal Division of the U.S. Department of Justice. If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by June 9, 2011, it will be deemed withdrawn. The terms of the agreement are as follows:

## Offense of Conviction

1. The Defendant agrees to plead guilty to a criminal information which will charge him with Exceeding Authorized Use of a Computer, in violation of 18 U.S.C. § 1030. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

## Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which the Criminal Division would prove if the case went to trial, are as follows:

    a. the defendant intentionally accessed a computer and exceeded his authorized access; and
    b. by doing so, the defendant obtained information from any department or agency of the United States.

## Penalties

3. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows one year of imprisonment, including a one year maximum term of supervised release, whether under the statute or under § 3583(b), and a $100,000 maximum fine, whether under the statute, 18 U.S.C. § 3571, or the alternative fine provision of 18 U.S.C. § 3571(d). In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be ordered into custody to serve a period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

   a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, the Criminal Division, and the Court all agreed.

   b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

2

any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

        d.        The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

        e.        If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

        f.        By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

        g.        If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

## Advisory Sentencing Guidelines Apply

5.        The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.        The parties agree that the appropriate Guideline for Exceeding Authorized Use of a Computer is U.S.S.G. § 2B1.1. The parties further agree that the appropriate base offense level is **6**, and that a **two** level enhancement is appropriate under § 2B1.1(b)(15)(A)(i) because the offense involves "a computer system used to maintain or operate a critical infrastructure, or used by or for a government entity in furtherance of the administration of justice, national defense, or national security."

7.        The Defendant understands that should the defendant comply with each of the terms of this agreement, the United States will recommend that the defendant's sentence should

3

reflect the fact that he has accepted responsibility in this case. This will result in a **two** level downward adjustment.

## Guidelines Factors Not Stipulated

8. Other than as stated above, the Criminal Division and the Defendant agree that there is no agreement, explicit or implicit, as to the proper calculation of the advisory Sentencing Guidelines range. With respect to the calculation of criminal history, the Criminal Division and the Defendant agree that the defendant should be placed in Criminal History Category I for purpose of calculating his sentence.

## Obligations of the Criminal Division

9. At the time of sentencing, the Criminal Division will not oppose the imposition of a non-custodial sentence. At the time of sentencing, the Criminal Division will move to dismiss any open counts against the Defendant.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that the Criminal Division has agreed to dismiss at sentencing.

## Waiver of Appeal

11. In exchange for the concessions made by the Criminal Division and the Defendant in this plea agreement, the Criminal Division and the Defendant waive their rights to appeal as follows:

   a) The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

   b) The Defendant and the Criminal Division knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

   c) Nothing in this agreement shall be construed to prevent the Defendant or the Criminal Division from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d) The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from the Criminal Division or any investigating agency.

## Obstruction or Other Violations of Law

12. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then the Criminal Division will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, the Criminal Division will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, the Criminal Division will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because the Criminal Division is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

13. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept the Criminal Division's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

14. This letter supersedes any prior understandings, promises, or conditions between the Criminal Division and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and the Criminal Division other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Jack Smith
Chief, Public Integrity Section

By: _____
William M. Welch II
Senior Litigation Counsel

John P. Pearson
Trial Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

6/9/11
Date

Thomas Andrews Drake

I am the defendant's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

6/9/11
Date

James Wyda
Deborah Boardman

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **Criminal No. 10 CR 00181 RDB** |
| | * | |
| **THOMAS ANDREWS DRAKE,** | * | |
| | * | |
| Defendant. | * | |

******

## Statement of Facts

The United States and the defendant, Thomas A. Drake, agree that had this matter proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

1. The defendant, Thomas A. Drake, worked as an employee at the National Security Agency (NSA) from August 2001 through April 2008. In connection with his employment, the defendant had been granted a Top Secret clearance. As a result, by virtue of his employment and these clearances, the defendant had access to classified computer systems, such as NSA's internal intranet, NSANet, and knew these systems, including NSANet, belonged to the United States government.

2. During his career as a NSA contractor and employee, the defendant had received oral security briefings and signed written security briefings that advised him about handling restrictions and requirements involving official NSA information. From these various oral and written security briefings as well as other sources, such as NSA policies and procedures circulated via email and posted on NSANet, the defendant knew that official NSA information was the property of the United States government.

3. In addition to the information handling restrictions, the defendant also knew that NSA restricted the use of and access to its computers and NSANet to official use only. Through computer security training, the defendant knew that information on NSA computers and NSANet should be accessed for official use only. In addition, the defendant knew that whenever an employee, such as himself, signed onto NSANet, a banner appeared that warned the user that use and/or access to NSANet was for official use only and cautioned against the improper dissemination of information.

4. From in or about February 2006 through approximately March 2007, the defendant intentionally accessed NSANet, obtained official NSA information, and provided said information orally and in writing to another person not permitted or authorized to receive the same. In doing so, the defendant knew that he exceeded his authorized use of NSANet each time he accessed NSANet and obtained said information for that purpose because such access was not for the official use or business of NSA.

5. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the government. It does not include each and every fact known to the defendant or the government, and it is not intended to be a complete enumeration of all of the facts surrounding the defendant's case.

Respectfully submitted,

By: _____
William M. Welch II
Senior Litigation Counsel
John P. Pearson
Trial Attorney
Public Integrity Section

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Thomas A. Drake, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Thomas A. Drake
Defendant

I am Thomas A. Drake's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
James Wyda, Esquire
Deborah Boardman, Esquire
Attorney for Thomas A. Drake